[No. 32335. Department One. July 15, 1953.]

MARCUS G. MIESKE et al., Appellants, v. PUBLIC UTILITY DISTRICT NO. 1 OF COWLITZ COUNTY, Respondent.[1]

[1]Reported in 259 P. (2d) 647.

*Ronald Moore* and *Jerome Walstead*, for appellants.

*Edgar P. Reid*, for respondent. .

PER CURIAM.—The plaintiffs brought an action against public utility district No. 1 of Cowlitz county, and William Anagnostu for the wrongful death of their five-and-one-half-year-old daughter.

A verdict in the sum of $10,531.66 was rendered against defendant public utility district No. 1, and it moved for a new trial upon all statutory grounds.

The trial court entered an order which stated:

"That the verdict of the jury, to wit, the sum of $10,-531.66 for damages in favor of the plaintiffs and against the defendant, Public Utility District No. 1, is excessive, and by reason thereof suggests to the Court that substantial justice has not been done, and therefore, should be reduced by the sum of $2500.00; and the Court HEREBY ORDERS AND DECREES THAT the plaintiffs shall within ten days from the entry of this order file their written consent to a decrease of the said verdict in the sum of $2,500.00, to the end and purpose that the judgment in favor of the plaintiffs and against the defendant, Public Utility District No. 1, may be entered for the sum of $8,031.66, plus the plaintiffs' taxable costs, and if the plaintiffs fail to file such written consent herein within the time herein provided for, then, in that event, the said defendant, Public Utility District No. 1 of Cowlitz County, Washington, is hereby granted a new trial."

■ This action of the trial court falls under the rule of *Anderson v. Dalton*, 40 Wn. (2d) 894, 246 P. (2d) 853, wherein we said:

"Although the distinction has not always been clearly recognized, we have two lines of cases dealing with the problem of excessive damages:

"A. *Those cases in which damages have been regarded as excessive but not necessarily involving passion or prejudice.* In *Scobba v. Seattle*, 31 Wn. (2d) 685, 198 P. (2d) 805 (1948), by giving the prevailing party the option of accepting a smaller amount or submitting to a new trial, this court, sitting *En Banc*, upheld the inherent power of trial courts

to grant relief where the verdict contained the injustice of an award of excessive damages, even though there was no passion or prejudice. In that case, we said:

" 'The trial court, may, therefore, under its inherent power, and in the exercise of its discretion, relieve a party where an injustice has been done in the awarding of an excessive verdict, by either granting a new trial or, in the alternative, by giving the prevailing party the option to accept a smaller amount or submit to a new trial.'

"In the absence of passion or prejudice, however, there would seem to be no logical basis for granting a new trial unconditionally on the ground that a judgment is excessive, and we find no case in which we have granted a new trial unconditionally under such circumstances."

■ The measure of damages for wrongful death of a child is delineated in an instruction approved by this court in *Skeels v. Davidson*, 18 Wn. (2d) 358, 139 P. (2d) 301, 149 A. L. R. 225, which reads:

" 'You are further instructed that should you decide from the evidence that the plaintiff is entitled to damages for the loss of his minor child, you will give consideration to the following as a measure of damages to be awarded.

" '*You shall determine the value of the services of this child from the date of the injury until he would have attained the age of majority, less the cost of his support and maintenance to his parents during this interval.*

" 'In determining the value of the deceased child's services, you must take into consideration the child's health, his mental and physical capacity, both present and prospective, as well as the situation of his parents.

" '*In determining the value of the deceased child's services, you should not consider any distress, sorrow or mental suffering of the parents caused by the death of said child.*

" 'You may also consider what expenses may have been incurred, as shown by the evidence, by the plaintiff for funeral expenses as the result of the death of the child.' "

■ While it appears from the record that the child was five and one-half years of age, and was healthy, bright, and energetic, there is nothing to indicate a bright future in the entertainment field which would make her services of extraordinary value. The general background that she was in kindergarten, getting along splendidly in school, making

874

good marks, enjoying life, and was loved by everyone, would not support the verdict had the respondent public utility district No. 1 cross-appealed. It did not.

Accordingly, the order of the trial court is affirmed. The appellants will have ten days from the going down of the remittitur in which to file their written consent to a decrease of twenty-five hundred dollars in the amount of the verdict, or respondent public utility district No. 1 is hereby granted a new trial.

