[No. 3435-1.    Division One.    January 31, 1977.]

MERLE L. STEINMAN, *Appellant*, v. THE CITY OF SEATTLE, ET AL, *Respondents*.

*DeGarmo, Leedy, Oles & Morrison* and *Sam E. Baker, Jr.,* for appellant.

*John P. Harris, Corporation Counsel, J. Roger Nowell, Assistant,* and *H. S. Sanford,* for respondents.

WILLIAMS, C.J.—This action concerns the liability of the City of Seattle and Cordes Towing Service, Inc., for taking and holding a truck and tractor owned by Merle L. Steinman, d/b/a Almer Construction Company. Trial to the court with a jury resulted in a verdict in favor of Steinman against the City and Cordes of $53,800 and in favor of Cordes against the City of $2,800. As to the Steinman verdict, the court ordered a new trial unless Steinman would accept a reduction to $10,000. Steinman appeals this order and the City cross-appeals.

The facts essential to be stated are these:

In the summer of 1970, Steinman contracted with the City to do some construction on one of its playgrounds. The project was substantially completed by the summer of the following year and the truck and tractor used in the project were parked at the job site on city property. In October, the truck was ticketed for wrongful parking and then, at the request of the City, impounded by Cordes in its garage. In November, shortly after the City accepted the project, the same thing happened to the tractor. After the first of the year, the citations on the tickets were stricken in municipal court, but the truck and tractor were kept in Cordes' possession because no one would pay the impounding and storage charges.

In its complaint against the City and Cordes, Steinman asked for $14,900 for the taking of his equipment, either intentionally or negligently, $12,000 for the withholding, and to-be-determined amounts for malicious prosecution and deprivation of his constitutional rights. Cordes counterclaimed against Steinman and cross-complained against the City for its impoundment and storage charges. Subse-

quently, the malicious prosecution and negligence portions of Steinman's complaint were dismissed.

After trial, the jury returned a verdict in favor of Steinman as follows:

  (a)  Value of the tractor
      in the sum of ........................ $ 4,000.00
  (b)  Value of the truck
      in the sum of ........................   500.00
  (c)  Loss of rental of tractor
      in the sum of ........................ 46,000.00
  (d)  Loss of rental of truck
      in the sum of ........................  3,300.00

The jury awarded Cordes $2,800 against the City.

The City moved for a new trial or, alternatively, for remittitur damna. The court granted the motion for a new trial unless Steinman accepted $10,000. In the order, the court said:

> that the verdict of the jury in favor of plaintiff for consequential damages, to wit, the sum of $46,000 for loss of rental of the tractor and the sum of $3,300 for loss of rental of the truck, is excessive and not supported by substantial evidence introduced at trial and by reason thereof the Court finds that substantial justice has not been done; and therefore said verdict should be reduced by the Court; . . .

Steinman contends that this order, which conditionally grants a new trial, does not comply with CR 59 (f) because it does not contain "definite reasons of law and facts . . .", and cannot be based on the increase or reduction of verdict statute (RCW 4.76.030), because there is no showing or finding that the award "must have been the result of passion or prejudice".

■ The applicable rule is stated in *Mieske v. PUD 1*, 42 Wn.2d 871, 872-73, 259 P.2d 647 (1953) as follows:

> This action of the trial court falls under the rule of *Anderson v. Dalton*, 40 Wn. (2d) 894, 246 P. (2d) 853, wherein we said:
>
> "Although the distinction has not always been clearly recognized, we have two lines of cases dealing with the problem of excessive damages:

"A. Those cases in which damages have been regarded as excessive but not necessarily involving passion or prejudice. In *Scobba v. Seattle*, 31 Wn. (2d) 685, 198 P. (2d) 805 (1948), by giving the prevailing party the option of accepting a smaller amount or submitting to a new trial, this court, sitting *En Banc*, upheld the inherent power of trial courts to grant relief where the verdict contained the injustice of an award of excessive damages, even though there was no passion or prejudice. In that case, we said:

"'The trial court, may, therefore, under its inherent power, and in the exercise of its discretion, relieve a party where an injustice has been done in the awarding of an excessive verdict, by either granting a new trial or, in the alternative, by giving the prevailing party the option to accept a smaller amount or submit to a new trial.'

The action of the trial court in reducing the verdict to $10,000 was taken through its inherent power to prevent injustice and was reasonably within its discretion.

In his brief, Steinman mentions the ascribed value of the truck and tractor ($4,500) only in passing to the main issue which is that of the consequential damages of $49,300 for the loss of rental. The court instructed the jury, correctly we believe, as follows:

If you find that either of the defendants have wrongfully taken plaintiff's equipment and deprived him of its use and that plaintiff was unable to obtain a replacement tractor because of his financial circumstances, and if you find that the defendants were made aware that consequential damages would commence at the time of the impound, you are justified in allowing plaintiff consequential damages represented by the loss of reasonable rental value of the equipment for a reasonable time. Plaintiff must prove that he could have used his equipment during the time the equipment was under impound. Any award of damages for loss of rental cannot be based on speculation or conjecture, and it must be for a reasonable time and must bear some reasonable relation to the value of the property.

Instruction No. 7. *Rocha v. McClure Motors, Inc.*, 64 Wn.2d

942, 395 P.2d 191 (1964); *Dennis v. Southworth*, 2 Wn. App. 115, 467 P.2d 330 (1970).

Although the proof as to Steinman's financial inability to replace the equipment and the use he would have made of it from the time of impound is a bit thin, there is sufficient evidence with the reasonable inferences to be drawn therefrom to justify submission of those issues to the jury. However, there is no proof that the $49,300 damages awarded represented the loss of the reasonable value of the equipment for a reasonable time or that that figure bears some reasonable relation to the value of the property. Nor is there proof that Steinman made a sincere effort to redeem the property either before or after the charges were dismissed.

CR 59 (f) does require that in granting a motion for a new trial the court must state its reasons of law and fact. This is to facilitate appellate review of the basic question raised by an order granting a new trial which is whether the losing party received a fair trial. *Olpinski v. Clement*, 73 Wn.2d 944, 442 P.2d 260 (1968); *Powell v. Continental Baking Co.*, 49 Wn.2d 753, 306 P.2d 757 (1957); *Benjamin v. Randell*, 2 Wn. App. 50, 467 P.2d 196 (1970). This calls for a weighing of factors and values

> such as the complexity of the issues, the length of the trial, the degree and nature of the prejudicial incidents, the nature and amount of the verdict, the cost of retrial, the probable results, the desirability of concluding litigation, and such other circumstances as may be apropos to the particular situation.

*Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 441, 397 P.2d 857 (1964).

In this case, the only untoward incident was the amount of the verdict which the trial court believed to be excessive. There was nothing more for the court to say.

Steinman contends that the court should have permitted him to introduce certain additional testimony on the use he would have made of the equipment. The expected testimony was too indefinite and speculative; the court was correct in rejecting it.

In its cross-appeal, the City contends that there was no evidence of conversion. We disagree; the evidence presented a fact question for the jury.

The City then contends that the evidence of the municipal court's action in striking the traffic citations should have been suppressed. The municipal court proceeding had a bearing on this action; the evidence was properly admitted. *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn.2d 485, 125 P.2d 681 (1942).

■ Next, the City contends that the court erred in giving or not giving certain instructions. The instructions given, considered as a whole, permitted each party to argue his theory of the case.

Next, the City contends that the court erred in directing a verdict in favor of Cordes on its cross-complaint. This portion of the verdict was not reduced to judgment although the motion for a new trial as to it was denied. We may not consider an appeal from an order denying a motion for a new trial. CAROA 14.

Finally, the City contends that the trial court erred in not granting its motion for a mistrial. The contention is insubstantial. *Bohnsack v. Kirkham*, 72 Wn.2d 183, 432 P.2d 554 (1967).

The order conditionally granting a new trial in the main action is affirmed.

FARRIS and SWANSON, JJ., concur.