[No. 42085. En Banc. December 23, 1971.]

PAUL J. ZOROTOVICH, *Petitioner*, v. WASHINGTON TOLL BRIDGE AUTHORITY *et al.*, *Respondents*.

*Horswill, Keller, Rohrback, Waldo & Moren,* by *Dwayne A. Richards, Elizabeth J. Bracelin,* and *Steven Howard Chestnut,* for petitioner.

*Martin, Niemi & Burch,* by *Edward C. Burch,* for respondent Washington Toll Bridge Authority.

*Reed, McClure, Moceri & Thonn,* by *J. E. Thonn* and *William R. Hickman,* for respondents Simmons et al.

WRIGHT, J.—This is an action for personal injuries. The question presented upon this appeal is whether defendant owed the highest degree of care to plaintiff at the time of the injury.

Little dispute exists as to the facts. On July 4, 1967, Paul J. Zorotovich, a school teacher, planned to travel on defendant's ferry from Kingston to Edmonds. He had ridden with a friend to the Kingston ferry terminal, then walked down the established pedestrian walkway to a point opposite the ticket selling booth. He called across to Vernon D. Huggart, the ticket seller, asking where to buy a ticket. Huggart told him to come to the booth to buy the ticket.

Mrs. Boyd Simmons was in the line of waiting vehicles, driving a station wagon and pulling a small 12-foot camping trailer. Mrs. Simmons saw plaintiff, stopped and waited for him to cross to the booth. Plaintiff went to a diamond-shaped area at the end of the toll booth where he was in a place of safety. He could not, however, buy a ticket there.

After Mrs. Simmons moved ahead, plaintiff stepped from the area of safety to go and buy his ticket. He testified he waited for the station wagon to pass and then stepped toward the ticket window. The trailer caught him and pressed him between the booth and the trailer. He was injured.

Plaintiff brought action against the Washington Toll Bridge Authority and Boyd Simmons and his wife. The

trial resulted in a verdict for all defendants. The trial court granted a new trial, defendants appealed and plaintiff cross-appealed. The Court of Appeals reinstated the jury verdict. *Zorotovich v. Washington Toll Bridge Auth.*, 4 Wn. App. 801, 484 P.2d 928 (1971). The cross-appeal raised only the question of the degree of care owed to plaintiff by the defendant, Washington Toll Bridge Authority. Defendants Simmons were not affected by the cross-appeal nor by the petition for review and are not now parties to this proceeding.

At the trial, plaintiff requested an instruction stating that defendant Washington Toll Bridge Authority owed plaintiff a duty of great care or the highest degree of care; such an instruction was not given.

The failure to give an instruction on the highest degree of care was raised on cross-appeal by plaintiff in the Court of Appeals. Plaintiff had always contended his status as a passenger is a question of law, and consequently did not propose any instruction defining a passenger. The Court of Appeals held it was proper to refuse the instruction on degree of care unless an instruction was also requested on whether or not plaintiff was a passenger. Here, there was no significant dispute of fact. Under such a situation the question was one of law, and, therefore, it was unnecessary to instruct on the definition of a passenger.

■ An operator of a ferry owes to its passengers the highest degree of care. *Le Master v. Chandler*, 50 Wn.2d 71, 309 P.2d 384 (1957). This duty applies to the defendant, Washington Toll Bridge Authority, by virtue of RCW 47.60.220 and RCW 47.60.230.

The problem here is when the duty to exercise the highest degree of care starts. There seems at first to be substantial conflict on that matter. While the cases are not entirely in harmony, they will generally fit into certain tests for the status of a passenger.

■ The matters to be considered in determining the status as a passenger are: (1) place (a place under the control of the carrier and provided for the use of persons

who are about to enter carrier's conveyance); (2) time (a reasonable time before the time to enter the conveyance); (3) intention (a genuine intention to take passage upon carrier's conveyance); (4) control (a submission to the directions, express or implied, of the carrier); and (5) knowledge (a notice to carrier either that the person is actually prepared to take passage or that persons awaiting passage may reasonably be expected at the time and place).

In the case before the court, plaintiff met all of the tests. The place was one under the sole control of the carrier and was intended solely for the use of persons entering or departing from carrier's conveyance. The time was only a few minutes before the departure of defendant's ferry boat. Plaintiff mentioned several times in his testimony he was in a hurry and he did not have much time. In *Northern Pac. Ry. v. Marinovich,* 189 F. 328 (9th Cir. 1911), the time was 4 hours before departure of the train, and yet the plaintiff was held to be a passenger. In *Whitlock v. Northern Pac. Ry.,* 59 Wash. 15, 109 P. 188 (1910), it appeared at least some time elapsed. The plaintiff was held to be a passenger and the carrier was bound to exercise the highest degree of care.

Plaintiff's intention to take passage on the ferry from Kingston to Edmonds was shown not only by his testimony, but also by his actions, and finally, by his actually taking passage after his injury. He was under the control of the carrier and was following the directions of the carrier's agent in going to the ticket booth to buy his ticket. The element of knowledge is also present because the ticket seller, Huggart, saw plaintiff, directed him to go to the booth and told plaintiff where to buy his ticket. Plaintiff has met all of the tests. He was a passenger at the time of the injury and he was entitled to receive from the carrier the highest degree of care reasonably consistent with the conduct of defendant's business.

We are not overlooking the contention of the defendant, Washington Toll Bridge Authority, that plaintiff was not in the act of boarding the ferry and that the dock was several

hundred feet in length. The statement as to the length of the dock is factually correct but does not change the situation. The use of the dock was a necessary part of the act of boarding the ferry.

■ Two early cases appear to be in conflict with our holding herein but can easily be distinguished. They are *Hart v. King County,* 104 Wash. 485, 177 P. 344 (1918) and *Norton v. Anderson,* 164 Wash. 55, 2 P.2d 266 (1931). Both involve a ferry landing on the west shore of Lake Washington at the east end of Madison Street. The walkway involved was a link between a streetcar line and the ferry. The area was under the joint control of the companies and open to the public. Persons who had not been streetcar passengers could also use the walkway to gain access to the ferry. When there is an adequate and proper ground for the granting of a new trial (whether that is the reason given by the trial court or not) the order should be affirmed. *Sargent v. Safeway Stores, Inc.,* 67 Wn.2d 941, 410 P.2d 918 (1966); *Sherman v. Mobbs,* 55 Wn.2d 202, 347 P.2d 189 (1959); *Snyder v. General Elec. Co.,* 47 Wn.2d 60, 287 P.2d 108 (1955); *State v. Williams,* 64 Wn.2d 842, 394 P.2d 693 (1964).

The plaintiff was entitled to a new trial because of the failure of the court to give an instruction on the degree of care owed to a passenger by a carrier. The order granting a new trial is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., concur.