[No. 4570–II. Division Two. January 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JESSE
BOUCHARD, *Appellant.*

382

*Gordon L. Godfrey,* for appellant.

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PETRIE, J.—Defendant, Jesse Bouchard, appeals his conviction of indecent liberties with his 3–year–old granddaughter. Defendant's assignments of error to the admission of three instances of testimony raise the following issues: (1) whether the statements made by the little girl were properly admitted under exceptions to the hearsay rule; (2) whether testimony of prior acts of sexual misconduct between defendant and his minor son were properly admitted; and (3) whether the marital privilege barred the testimony of defendant's wife. We hold that the challenged testimony was properly admitted and, therefore, affirm the conviction.

The 3–year–old victim suffered a perforated hymen. Medical testimony at trial indicated that the injury was induced by a penetration generally associated with a projecting instrument. The State asserted that the cause of the injury was defendant's insertion of his finger into the little girl's vagina. The incident occurred when the child was visiting her grandparents who resided directly across the street from her own parents. Defendant contended that his

granddaughter was sitting on the arm of his reclining chair when she fell on the metal bar which connected the chair to the foot rest and suffered the injury. A doctor said that was "not anatomically possible."

The following testimony was allowed at trial over the defendant's objections. (1) The little girl's mother testified that when her daughter returned home she complained of "water" in her pants. When the mother changed the child's clothing, she found blood around her daughter's lower abdominal and vaginal areas. When questioned about the blood, the child told her mother, "Grandpa did it." The father and attending physicians testified that the child made similar statements to them. (2) Defendant's 12–year-old son testified that when he was 9 years old, his father masturbated him and engaged in anal intercourse with him. (3) Defendant's wife testified that when she took her granddaughter to the bathroom she found blood in the little girl's pants. When she questioned her husband about it, he made no mention of his granddaughter's purported fall onto the metal bar.

 Defendant's challenge to the testimony by the parents and physicians as to the little girl's statements is twofold. First, the statements are inadmissible hearsay and, second, the child's incompetency prevents the admission of the statements. Excited utterances are recognized exceptions to the hearsay rule. ER 803(a)(2). Excited utterances must be spontaneous and made while under the influence of the event. *Beck v. Dye*, 200 Wash. 1, 92 P.2d 1113, 127 A.L.R. 1022 (1939). The test for admissibility is determined by whether the excitement of the event precludes a chance for fabrication, intervening actions, or the exercise of choice or judgment. *Johnston v. Ohls*, 76 Wn.2d 398, 457 P.2d 194 (1969). The fact that the declarant herself (an infant) would not be competent to testify does not prohibit the use of the excited utterances. *Johnston v. Ohls, supra* at 406.

The danger of fabrication here appears remote, given the tender years of the child and the short lapse in time between the occurrence of the alleged acts and the time of

the child's return home and subsequent recital of the statement. Similarly, there are no intervening actions which militate against the reliability of the excited utterances. The fact that the statement was uttered in response to the mother's inquiries as to how the blood got in the little girl's pants is of no consequence to the admissibility of the statements. Excited utterances in response to a parent's questions are sanctioned in sex offense cases where the spontaneity of the statement is clear and the danger of fabrication remote. *State v. Bloomstrom,* 12 Wn. App. 416, 529 P.2d 1124 (1974); *State v. Canida,* 4 Wn. App. 275, 480 P.2d 800 (1971).

The statements to the attending doctors are clearly admissible under ER 803(a)(4) as statements "of the cause or external source" of the injury and as necessary to proper treatment.

■■ Defendant next contends that the testimony of his son about prior sexual activities with defendant was improperly admitted since the evidence was not relevant to the instant charge and, furthermore, was overly prejudicial. ER 404(b). A defendant must be tried for the offenses charged, and evidence of unrelated conduct should not be admitted unless it goes to the material issues of motive, intent, absence of accident or mistake, common scheme or plan or identity. *State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950). The court must balance the danger of undue prejudice against the probative value of the evidence in determining whether to admit acts of prior misconduct. *State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970). When admitting the evidence of prior acts, the trial court should give a cautionary instruction to the jury outlining the limited purpose for which the evidence is allowed. *State v. Goebel, supra* at 379.

Here, defendant claimed that what happened to the child was a result of her accidental fall. After hearing argument on a pretrial motion to exclude, the trial court allowed the son's testimony of prior sexual activity with his defendant–

father for the limited purpose of showing that what happened to the little girl was not an accident, *i.e.,* absence of accident. *See* ER 404(b). Furthermore, a proper limiting instruction was given.[1]

Defendant contends that there is only the weakest of links between the two acts of sexual misconduct. Additionally, he argues that the lapse of time between the two incidents weighs against the probative value of the testimony. Admittedly, the evidence here of prior acts with the son is particularly explosive and prejudicial to defendant's case.

Prejudice alone cannot be the determinative factor in excluding testimony under ER 404(b). Where the testimony has relevance, the admission of the prejudicial testimony may fall within the discretion of the trial court. *State v. Bloomstrom, supra.* The initial inquiry for the trial court is the relevance of the proffered testimony. What is necessary is that the evidence of prior acts have some relevance to the material issues of the crime charged or a claim or defense of the defendant. *See, e.g., State v. Bloomstrom, supra,* (testimony rebutting the defendant's defense of accident sanctioned).

Though facially the connection between the two types of sexual misconduct here might appear attenuated, the testimony of the son is quite relevant when used to rebut defendant's claim of accident. We disagree with defendant that the homosexual conduct with the son is not relevant to the abuse of the granddaughter. This evidence of sexual abuse of other children and sexual misconduct with family

---

[1]The instruction is as follows:

"Instruction No. 8

"Evidence that the defendant may have committed a prior act of sexual misconduct was admitted for a very limited purpose.

"That a person may have committed a prior act of misconduct does not, under the law, prove, and should not be considered by you as proof, that he committed the act of which he is charged.

"Evidence of a prior act of sexual misconduct may be considered by you only to the extent that it may tend to show, if at all, that [name stricken] did not sustain an accident in this case."

members is relevant to show absence of accident with the little girl.

The fact that the acts with the son were 3 years removed from the charged act does affect relevance. Nevertheless, the effect on the evidence goes more to the weight accorded to the testimony rather than its admissibility. *State v. Saltarelli*, 29 Wn. App. 565, 629 P.2d 1344 (1981). While the lapse of time between events should be a factor that the trial court considers in the overall admissibility of acts of prior misconduct, we cannot say, in view of the facts herein, that the trial court erred in the exercise of its discretion.

Once a showing of relevancy is made in cases involving prior acts of sexual misconduct, we leave to the sound discretion of the trial court the determination of whether the probative value of the proffered testimony outweighs its prejudicial effect. *State v. Bloomstrom, supra* at 421. This court will overturn the admission of prior acts as an abuse of discretion only when the evidence of prior sexual misconduct is overtly inflammatory in comparison to alternative methods of proof of the same facts.[2] Here, we cannot say that the son's testimony rose to that level which requires us to overrule the trial court's exercise of sound discretion.

■ Defendant next argues that the marital privilege of RCW 5.60.060(1)[3] should be invoked as a bar to the testi-

---

[2]We commend the following evidentiary authorities as guidance for the trial court in making a determination whether to admit evidence of prior sexual misconduct. "The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors . . ." Federal Rules of Evidence 404(b), Notes of Advisory Committee, at 551 (1976). "It seems likely that the less relevant the evidence is to prove some element of the crime, the more important is its prejudicial effect." (Footnote omitted.) 5 R. Meisenholder, Wash. Prac. § 4, at 20 (1965).

[3]RCW 5.60.060(1) provides:

"(1) A' husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during

mony of his wife. An exception to the testimonial bar exists in the statute for crimes committed by a husband or wife against any child of which they are a parent or guardian. Privileges are creatures of statute and should be strictly construed. *Randa v. Bear,* 50 Wn.2d 415, 312 P.2d 640 (1957). It was the intent of the legislature in carving out this exception to the marital privilege to subordinate the privilege to the overriding legislative interest in protecting children from sexual abuse. *State v. Lounsbery,* 74 Wn.2d 659, 663, 445 P.2d 1017 (1968).

A "parent" or "guardian" under the exception of RCW 5.60.060(1) includes those who stand in the relationship of parent, *State v. Lounsbery, supra,* or who assume duties normally characterized as parental even for a short time. *State v. Waleczek,* 90 Wn.2d 746, 585 P.2d 797 (1978). In *Waleczek,* defendant and his wife, who were social acquaintances of the victim's mother, baby-sat the child for a night. Here, defendant and his wife, the grandparents of the little girl, lived across the street from their granddaughter who visited them at will and unescorted by her parents. Additionally, they undertook parental duties which included such hygienic care as assisting the child in her toilet duties. The instant case falls squarely within *Waleczek*'s command of liberal construction for the guardianship exception of RCW 5.60.060(1) in view of the particular facts and circumstances of each case. Therefore, the marital privilege was not a bar to the testimony of defendant's wife, and the trial court's ruling was proper.

---

marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, nor to a criminal action or proceeding for a crime committed by said husband or wife against any child of whom said husband or wife is the parent or guardian, nor to a proceeding under chapter 71.05 RCW: *Provided,* That the spouse of a person sought to be detained under chapter 71.05 RCW may not be compelled to testify and shall be so informed by the court prior to being called as a witness."

We find no error in the admission of the challenged evidence. The judgment is affirmed.

PETRICH, A.C.J., and PEARSON, J., concur.

Reconsideration denied March 4, 1982.

Review denied by Supreme Court May 26, 1982.