[No. 7028-6-II.  Division Two.  January 2, 1986.]

MICHAEL DYBDAHL, *Respondent,* v. GENESCO, INC., *Appellant.*

*Michael A. Patterson* and *Lee, Smart, Cook, Martin & Patterson,* for appellant.

*Daniel L. Hannula* and *Rush, Kleinwachter, Hannula & Harkins,* for respondent.

REED, A.C.J.—Genesco, Inc., appeals the trial court's order granting a new trial. We reverse.

Michael Dybdahl brought suit for damages against Genesco, Inc., d/b/a S. H. Kress & Co., for injuries suffered from a slip and fall in Genesco's store on December 7, 1978. At the conclusion of the trial, the jury awarded Dybdahl $8,100, to be reduced by his 20 percent share of comparative fault. Because of asserted errors by the trial court and because the resulting award was for far less than the damages he alleged he had suffered, Dybdahl moved for a new trial.

The trial judge granted Dybdahl's motion for a new trial. The order states the following reasons:

1. Admission of selected records of witness Dr. George Gilman, over objection of plaintiff's counsel;
2. Admission of selected records of witness Dr. Marcel Malden, over objection of plaintiff's counsel;
3. Admission of Dr. Willot's [*sic*] records, by medical records librarian, over objection of plaintiff's counsel;
4. Admission of Dr. McBride's records by medical records librarian over objection of plaintiff's counsel;
5. A comment on the evidence at trial by the presiding judge during the testimony of plaintiff's economist, Robert Terpstra, in which the presiding judge in reference to the substance of Mr. Terpstra's testimony used the words "startling figures" in the presence of the jury.

The order goes on to state that, "appearing that the evi-

dentiary rulings . . . were made in error during the course of the trial, the plaintiff . . . was prejudiced, and was denied a fair trial, there is good cause for granting a new trial. . . ."

■ Genesco challenges the sufficiency of the order granting a new trial, claiming that it does not adequately recite reasons of law and fact, as required by CR 59(f). We agree. CR 59(f) states:

> In all cases where the trial court grants a motion for a new trial, it shall, in the order granting the motion, state whether the order is based upon the record or upon facts and circumstances outside the record which cannot be made a part thereof. If the order is based upon the record, the court shall give definite reasons of law and facts for its order. If the order is based upon matters outside the record, the court shall state the facts and circumstances upon which it relied.

The purpose of this requirement is to permit appellate review of the basic question raised by an order granting a new trial, which is whether the party received a fair trial. *Olpinski v. Clement,* 73 Wn.2d 944, 951, 442 P.2d 260 (1968); *Steinman v. Seattle,* 16 Wn. App. 853, 857, 560 P.2d 357 (1977). This purpose would be frustrated if the reasons in the order were not stated in sufficient detail to enable review "without resort to debatable inference and speculation." *Williams & Mauseth Ins. Brokers, Inc. v. Chapple,* 11 Wn. App. 623, 628, 524 P.2d 431 (1974). Failure to comply with CR 59(f) has resulted in reversal of the order granting a new trial and remand for reinstatement of the jury verdict. *See State v. Collins,* 72 Wn.2d 741, 435 P.2d 538 (1967); *Reiboldt v. Bedient,* 17 Wn. App. 339, 562 P.2d 991 (1977); *Williams & Mauseth Ins. Brokers, Inc. v. Chapple, supra.*

In the present case, the first four reasons, pertaining to evidentiary admissions, do not satisfy the requirements of CR 59(f). The stated reasons do not tell us why the evidentiary rulings were erroneous and, if erroneous, why they were prejudicial so as to warrant a new trial. No reasons of law support the order based on these reasons. Merely list-

ing evidence admitted does not provide the assistance necessary for effective appellate review. In order to review the decision in this case, we would be required to resort to "debatable inference and speculation." *Williams & Mauseth Ins. Brokers, Inc. v. Chapple, supra.*

Our State Supreme Court has in one case, when confronted with an insufficiently definite order, looked to the oral decision of the trial judge for assistance. *Knecht v. Marzano,* 65 Wn.2d 290, 396 P.2d 782 (1964). The court did so, "somewhat reluctantly," because of "the importance of the procedural problem and the doubts raised regarding a fair trial to this permanently and severely injured child." *Knecht v. Marzano,* 65 Wn.2d at 292. Resort to the oral decision in the present case only reinforces our conclusion.[1] The transcript of that decision reveals that the trial judge had serious misgivings as to whether he was ruling correctly. At one point he predicts that this court will reverse any grant of a new trial. At no point does he concede that his original rulings were in error or, if so, in what respect.

■■ Unlike the first four reasons, the fifth reason in the order granting a new trial does give sufficiently definite reasons in law and fact for this court to review the order based on that reason. As a general rule, abuse of discretion is the standard of review of an order granting or denying a new trial. *Moore v. Smith,* 89 Wn.2d 932, 942, 578 P.2d 26 (1978); *Schneider v. Seattle,* 24 Wn. App. 251, 255, 600 P.2d 666 (1979). That rule is, however, subject to the limitation that if the reasons cited in the order are based upon issues of law, the appellate court reviews for error of law only. *Lyster v. Metzger,* 68 Wn.2d 216, 226, 412 P.2d 340 (1966); *Schneider v. Seattle, supra.* Whether a trial court's remark constitutes a prohibited comment on the evidence and, if so, whether prejudice resulted, are issues of law. We

---

[1] We do not believe that resort to the oral decision is called for in this case, as it was in *Knecht,* nor was it urged upon us by a party, as it was in *Knecht.* The court's oral decision merely illustrates our difficulty in ascertaining the grounds for the court's order.

conduct our review accordingly.

The alleged comment on the evidence occurred following a portion of the testimony of Dybdahl's expert witness, an economist. The witness had projected the annual compensation that Dybdahl would earn as a brakeman/conductor in the year 2013 to be $243,429, and that of a switchman in the same year to be $176,156. Shortly afterward the court stated:

> We will take our break then now. The jury may be excused. We will be at recess for twelve or thirteen or fourteen minutes. Don't discuss the case even though these startling figures are in your mind.

A trial judge is constitutionally prohibited from commenting on evidence. Const. art. 4, § 16. This constitutional provision is violated if a court's statements indicate to the jury the court's opinion concerning the truth or falsity of evidence or the court's lack of confidence in the integrity of a witness. *State v. Lampshire,* 74 Wn.2d 888, 447 P.2d 727 (1968); *Balandzich v. Demeroto,* 10 Wn. App. 718, 725, 519 P.2d 994 (1974).

The remark about "these startling figures" does not, in our view, convey the court's opinion of the truth or falsity of the evidence nor its perception of the economist's integrity. The remark, on its face, appears to express the court's surprise at one's earning capacity in the year 2013 and not the court's opinion that the figures were preposterous or false. Accordingly, we do not believe the court's remark constituted a prohibited comment on the evidence.

Even if the court's remark could be interpreted as a comment on the evidence, it was inadvertent and isolated, was followed by a curative instruction, and thus was not prejudicial. *Brown v. Spokane Cy. Fire Protec. Dist. 1,* 100 Wn.2d 188, 201–02, 668 P.2d 571 (1983); *Hansen v. Wightman,* 14 Wn. App. 78, 88, 538 P.2d 1238 (1975). The judge orally instructed the jury the next day to disregard any comments he may have made and to disregard any inference that the court believed or did not believe the evidence. The written jury instructions contained a similar admoni-

tion. It is presumed, absent a contrary showing, that the jury followed the court's instruction. *State v. Davenport,* 100 Wn.2d 757, 763, 675 P.2d 1213 (1984). This presumption has not been rebutted here.

Because we find no error in the court's remark, we find no basis for granting a new trial. We reverse and remand for reentry of judgment.

PETRICH and ALEXANDER, JJ., concur.