[No. 7721–3–II. Division Two. October 9, 1986.]

THE STATE OF WASHINGTON, *Appellant*, v. BRUCE W. EVANS, *Respondent*.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Gary R. Tabor, Deputy,* for appellant.

*Frank A. Peters,* for respondent.

WORSWICK, C.J.—A jury found Bruce W. Evans guilty of first degree arson arising out of a fire at his home. The State now appeals an order granting Evans a new trial. Evans cross–appeals, contending that the trial court erred in admitting certain evidence during trial. We reverse the order granting a new trial, affirm the verdict, and remand for the entry of judgment and imposition of sentence.

We need not recite the facts. It will suffice to note that the evidence was voluminous and the trial was lengthy. The State produced substantial evidence that the fire was set, and incriminating Evans. The defense contended that the fire was caused accidentally by defects in the wiring system of the house. Evans' retained counsel produced an expert who testified that the fire probably was so caused, but that he was not certain. The State called an expert who rebutted this contention. The jury obviously agreed with the State.

The verdict was received on June 30, 1982. Evans did not file a motion for a new trial within 5 days as required by the version of CrR 7.6(b) then in effect. On August 17,

1982, a substitution of defense counsel was effected. New counsel engaged a new expert who, based on his examination of the physical evidence, offered the opinion that the fire definitely was caused by defects in the electrical system. Based on this, new counsel filed a motion for a new trial. After hearing, the trial court made extensive written findings of fact and conclusions of law, and granted the motion.

At the threshold, the State contends that the trial court erred in considering the motion for new trial, because it was not timely made. We reject this contention. CrR 7.6(b) specifically allows the court in its discretion to extend the time. The record shows that, as to the newly discovered evidence issue, there was a sufficient basis for an extension. We find no abuse of discretion.

The trial court concluded that grounds for a new trial existed under CrR 7.6(a)(3) and/or (8).[1] We disagree.

A new trial may be granted on the basis of newly discovered evidence[2] only if each of five requirements is satisfied: the evidence (1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching. *State v. Williams,* 96 Wn.2d 215, 223, 634 P.2d 868 (1981).

---

[1]The rule provides:

"**(a) Grounds for New Trial.** The court on motion of defendant may grant a new trial for any one of the following causes when it affirmatively appears that a substantial right of the defendant was materially affected:

". . .

"(3) Newly discovered evidence material for the defendant, which he could not have discovered with reasonable diligence and produced at the trial;

". . .

"(8) That substantial justice has not been done. . . ."

[2]In our discussion we assume we are dealing with newly discovered evidence. A strong argument can be made, however, that what we have here is a newly discovered lawyer and a newly discovered expert, and that the latter simply has based his opinion on his examination of physical evidence that has been present and available from the beginning.

The trial court's findings, although verities here,[3] do not support its conclusions that all of these elements are present.

We do not believe that the *Williams* element (1) has been satisfied. It is plain that, with the generous use of hindsight, the new expert did a more thorough job of evaluating the physical evidence. In the final analysis, however, the most that can be said of his proposed testimony is that it is more definite than that of the previous defense expert. The trial court concluded that it would probably change the result *if a jury believed it.* However, nothing in the findings or the record shows that a jury would be required to, would, or for that matter should, believe it.

We also do not believe that the *Williams* element (3) has been satisfied. There is nothing whatever in the findings to show why, in the exercise of due diligence, the new expert and his opinions could not have been discovered before trial. In short, the requirements of CrR 7.6(a)(3) as amplified by *State v. Williams, supra,* have not been met.

The requirements of CrR 7.6(a)(8) also have not been met. We fail to find in the findings and conclusions any "definite reasons of law and facts" justifying a new trial under this portion of the rule. *State v. Williams,* 96 Wn.2d at 228; *Dybdahl v. Genesco, Inc.,* 42 Wn. App. 486, 713 P.2d 113 (1986). There is no suggestion that Evans had anything other than a fair trial by all of the usual standards, and we see nothing in the trial court's written or oral rulings that we can regard as "[o]bjectively assessable reasons or facts" to persuade us to the contrary. *State v. Williams, supra.* We do not believe that CrR 7.6(a)(8) was meant to afford an avenue by which obstacles to the use of CrR 7.6(a)(3) easily could be surmounted.

In sum, this strikes us as a classic case: the defendant

---

[3]The State has taken no exceptions, and the findings, to the extent they are findings and not conclusions, are verities. *State v. Christian,* 95 Wn.2d 655, 628 P.2d 806 (1981); *see also State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972), *appeal dismissed,* 411 U.S. 945 (1973).

loses, then hires a new lawyer, who hires a new expert, who examines the same evidence and produces a new opinion. We cannot accept this as a basis for a new trial. *See* Trautman, *Serving Substantial Justice—A Dilemma,* 40 Wash. L. Rev. 270 (1965). Inasmuch as there is no adequate legal basis for the order granting a new trial, it must be considered an abuse of discretion. *State v. Hoff,* 31 Wn. App. 809, 814, 644 P.2d 763, *review denied,* 97 Wn.2d 1031, *cert. dismissed,* 459 U.S. 1093 (1982).

On cross appeal, Evans contends that the trial court erred in not granting him a new trial on the ground of "[e]rror of law occurring at the trial and excepted to at the time by the defendant". CrR 7.6(a)(6). Evans asserts that the error occurred when the trial court allowed Evans' ex–wife, Laura Evans, to testify that in 1973 Evans started a fire in their home in Seattle in order to obtain the insurance money to bail him out of his failing businesses. We find no merit in this contention.

ER 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*State v. Saltarelli,* 98 Wn.2d 358, 655 P.2d 697 (1982) set out the test to be applied in ER 404 (b) situations, emphasizing that ER 404(b) must be read together with the relevancy rule of ER 402 and the probative value balancing rule of ER 403. *Saltarelli,* 98 Wn.2d at 361.

The *Saltarelli* analysis requires three steps. First, as a threshold determination, the court must "identify the purpose for which the evidence is to be admitted." *Saltarelli,* 98 Wn.2d at 362. A 2–part inquiry is needed in order to accomplish this. First, the identified fact for which the evidence is to be admitted must be of consequence to the outcome of the action. Second, the evidence must make the existence of the identified fact more or less probable. *Salt-*

*arelli,* 98 Wn.2d at 363.

Having satisfied the threshold inquiry, the next step requires a determination that the evidence of prior crimes is logically relevant to a material issue in the case. *Saltarelli,* 98 Wn.2d at 362. The inquiry here is "whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged." *State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952). Finally, the court must determine whether the probative value of the evidence outweighs its potential for prejudice. *State v. Goebel,* 36 Wn.2d 367, 379, 218 P.2d 300 (1950).

Applying the *Saltarelli* regimen to the present case, we conclude that Laura Evans' testimony was properly admitted. The 2–part threshold determination was satisfied. First, the trial court stated that the purpose of the testimony was to show identity. In addition to identity, the testimony also showed intent. Identity and intent were both necessary to convict Evans of first degree arson. RCW 9A.48.020. Second, the fact that Evans set fire to his home once before makes his intentional setting of this fire more probable.

The second part of the *Saltarelli* test, that the evidence was relevant to prove an essential element of the crime charged, was also met. Testimony that Evans planned and started a fire in his own home on a prior occasion is relevant to show that he knowingly started this fire.

The third element of the *Saltarelli* test was also satisfied. Although the prejudicial effect of Laura Evans' testimony appears substantial, this effect was weakened by the fact that Laura Evans was admittedly a somewhat biased witness because she is in a custody battle with Evans. On the other hand, the testimony was highly probative as to Evans' ability and inclination intentionally to start a fire in his home. The trial court has wide discretion in determining whether prejudice outweighs probative value. *State v. Bockman,* 37 Wn. App. 474, 491, 682 P.2d 925, *review denied,* 102 Wn.2d 1002 (1984). The trial court did not abuse its discretion here.

 Finally, we note and reject Evans' attempt to argue that evidence of the prior fire is inadmissible because it occurred 9 years before the present fire, the time lapse between the two acts thus precluding the use of the prior bad act as evidence in this case. The time lapse between the prior bad act and the present one affects the weight rather than the admissibility of the evidence. *State v. Bouchard*, 31 Wn. App. 381, 386, 639 P.2d 761, *review denied*, 97 Wn.2d 1021 (1982).

The order granting a new trial is reversed. The verdict is affirmed. Remanded for entry of judgment and imposition of sentence.

REED, J., concurs.

REED, J. (concurring specially)—I am constrained to concur specially in light of my brother Alexander's dissent, and because I believe the particular ground upon which the trial judge granted a new trial is much misunderstood.

What we have in the instant case is, purely and simply, a question of expert witness competency. Experience has taught us that such "experts" rarely agree. What may be a crucial "fact" to one, may not be to another.

Before affirming the grant of a new trial because the defense expert presented at trial overlooked or thought unimportant a fact or facts now deemed pertinent by an expert who did not testify, we must ask whether all of those defendants who could now unearth a new expert, who finds "new facts"—which if believed by the same jury might cause them to acquit—were denied a fair trial, *i.e.*, failed to receive substantial justice. Surely we have to answer in the negative, or finality goes by the boards and the system fails.

The "fair trial" spoken of in *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 397 P.2d 857 (1964), cited by the dissent, refers to the *now*—the actual trial viewed from the present, and not from the future. In other words, unless there was some particular mischief worked against the defendant such as, *e.g.*, keeping from the jury known favorable evidence,

the ineffectiveness of counsel, or some other violation of due process, the trial has in fact been fair and substantial justice has been accorded. Evidence such as that belatedly offered here must not be entered into the equation, except insofar as it qualifies as newly discovered evidence under CrR 7.6(a)(3).[4]

The dissent relies upon several factors adopted in *Baxter v. Greyhound Corp.* for determining whether the losing party has received a fair trial. Prominent among those factors is "the degree and nature of the prejudicial incidents." *Baxter,* at 441. I submit that the "incidents" spoken of are those occurring *during the trial,* both on and off the record, the type of incident or occurrence which can be made the subject of the trial judge's "definite reasons of law and facts." CrR 7.6(d). The dissent, however, at page 621 conveniently chooses to ignore this critical factor.

Finally, we must not forget the admonition of *Knecht v. Marzano,* 65 Wn.2d 290, 297, 396 P.2d 782 (1964) that "the granting of new trials for the lack of substantial justice should be relatively rare, especially since [former Rule of Pleading, Practice and Procedure 59.04W] gives eight other broad grounds for granting new trials."

When defendant's trial is examined—without regard to what *might have happened if* Kniseley had testified—and in the absence of some "prejudicial incident," defendant was afforded substantial justice. It was error to grant a new trial.

ALEXANDER, J. (dissenting)—I agree with the opinion of the majority in part. However, I disagree with a major element of the opinion and, thus, I respectfully dissent from the holding.

---

[4]The most common causes for granting a new trial "in the interest of justice" under Fed. R. Crim. P. 33 are serious juror misconduct, receipt by the jury of extrinsic, prejudicial information, governmental interference with communication between client and counsel during trial, and improper references to defendant's past criminal record. *See* 8A J. Moore, *Federal Practice* ¶ 33.02[4], *Particular Grounds for New Trial "In the Interest of Justice"* (2d ed. 1986).

I readily concur with the majority insofar as it holds that the defendant is not entitled to a new trial pursuant to CrR 7.6(a)(3). The "newly discovered evidence" that the defendant seeks to introduce at a new trial could have been discovered before the trial with the exercise of "reasonable diligence." The trial judge erred in holding otherwise.

However, I do not believe that the trial judge erred in concluding that a new trial should be granted the defendant for the reason that "substantial justice has not been done." CrR 7.6(a)(8). A trial court has discretion to order a new trial for failure of substantial justice. *Zorotovich v. Washington Toll Bridge Auth.*, 4 Wn. App. 801, 484 P.2d 928, *rev'd on other grounds*, 80 Wn.2d 106, 491 P.2d 1295 (1971). In my judgment, when that same "newly discovered evidence" is viewed under CrR 7.6(a)(8), it can only be said that it would be an injustice to not grant Evans a new trial.

The majority indicates that it fails to find in the trial court's findings and conclusions any "definite reasons of law and facts" justifying a new trial for reasons of "substantial justice." I find this statement somewhat surprising in light of the trial court's extensive findings and conclusions in which it summarizes the newly discovered evidence and finds that the evidence "would, if believed by the jury, *necessarily result*" in a verdict of not guilty. Admittedly, the trial judge did not predict that a new jury would believe the new evidence. However, that is understandable. One can certainly comprehend the reason why a trial judge would be reluctant to predict how a jury might evaluate a witness's testimony. In my view, the trial judge has gone as far as he needs to go in that regard.

CrR 7.6(a)(8) seems precisely suited to the situation we have here. In the final analysis, the purpose of a trial is to search for the truth in order to achieve a just result. Here, according to the trial judge who presided over this lengthy trial, if the new evidence is believed, justice has not been done. Of course, CrR 7.6(a)(8) should not be employed lightly. However, my review of the record convinces me that the trial court did not act precipitously and that it reached

its conclusion carefully and judiciously.[5]

The proffered evidence that was to be presented by the new defense witness is not, as the majority indicates, simply a new opinion based on an examination of trial evidence. According to witness Kniseley's affidavit, he actually discovered new facts.[6] These new facts were: (1) that no proper ground existed for the electrical entry box, because of the dry, sandy soil, and the fact that the sewer pipes were plastic; (2) that the aluminum grounding wire in the entry box was incorrectly connected; and (3) that the plastic thermostat box for the baseboard heater had melted during the fire. From these facts, Kniseley formed a belief that the clothes washer had shorted, causing heat at the improperly connected aluminum wire, and that this heat started the fire. He surmised that these flames, fanned by a draft from the open garage door, melted the thermostat box, thus destroying the thermostat and allowing an uninterrupted flow of electrical current into the baseboard heater. According to Kniseley, clothes were piled on the heater, and these ignited. The heat of this fire ignited other piles of clothing and dry material, thus creating two additional points of origin of the fire.

While this newly discovered evidence could have been discovered with due diligence, thus precluding its consideration as grounds for a new trial under CrR 7.6(a)(3), it is nevertheless substantial evidence that is strongly consistent with the defendant's innocence and inconsistent with his guilt.

In deciding whether to grant a new trial on the ground "[t]hat substantial justice has not been done", the crucial question is "whether the losing party received a fair trial." *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 440, 397 P.2d

---

[5]Evans, in his brief, indicates that the judge stated in his oral decision that, "[t]his is the first motion for new trial I believe that this court has granted in almost 13½ years."

[6]Kniseley stated in his affidavit: "No other investigator made any determination of [these] fact[s], and [they were] overlooked entirely."

857 (1964). The resolution of this question involves the consideration of several factors such as:

[T]he complexity of the issues, the length of the trial, the degree and nature of the prejudicial incidents, the nature and amount of the verdict, the cost of retrial, the probable results, the desirability of concluding litigation, and such other circumstances as may be apropos to the particular situation.

*Baxter,* 65 Wn.2d at 441. *Accord, Olpinski v. Clement,* 73 Wn.2d 944, 951, 442 P.2d 260 (1968).

In the present case, the evidence presented on the issue of arson was indeed complex and technical in nature. The newly discovered evidence, though equally technical, could shed valuable light on the critical question of whether or not the fire was accidental. The first trial resulted in a felony conviction for Evans, and it, thus, goes without saying that the consequence to Evans of the denial of a new trial motion is considerable. These factors weigh in favor of a new trial.

Balanced against those factors is the possibility that a jury might not be persuaded by Kniseley's evidence. In that case, employing hindsight, one could say that the majority was correct in reversing the trial court. A jury might, however, find that the evidence raises a reasonable doubt as to Evans' guilt. No one can predict with any precision what a jury will do. I for one would rest more easily if we permitted a jury to hear the evidence and determine the question of defendant's guilt or innocence based on a consideration of all relevant evidence. Considerations such as cost and finality pale in comparison to the possibility of a wrongful conviction, and the loss of one's freedom.

In reaching my conclusion that we should affirm the trial judge, I find it especially significant that a trial judge has much wider discretion in the granting of a new trial than in the denial of a motion for a new trial. As the court noted in *State v. Taylor,* 60 Wn.2d 32, 42, 371 P.2d 617 (1962):

The trial judge, by his very presence, is in a favored position. It has been reiterated in appeals from orders

granting new trials in both civil and criminal cases that a much stronger showing is required to overturn an order granting the new trial than denying a new trial. The question is: Did the respondents have a fair trial? The trial judge thought that they did not. The question is not whether this court would have decided otherwise in the first instance, but whether the trial judge was justified in reaching his conclusion. In that respect, he has a very wide discretion.

*Taylor*, 60 Wn.2d at 42. In this case, this experienced trial judge observed firsthand the entire trial and the complex evidence introduced. From that superior vantage point, he came to the conclusion that substantial justice had not been done. We should be slow to question that judgment.

I am mindful of the fact that the newly discovered evidence here is the same evidence that I have conceded does not provide a basis for the grant of a new trial under CrR 7.6(a)(3). This fact, however, should not be fatal to Evans' motion on grounds that substantial justice has not been done. CrR 7.6(a)(8) is a separate ground from CrR 7.6(a)(3), and it should entail a separate analysis. Significantly, although a requirement of reasonable diligence is set forth in connection with CrR 7.6(a)(3), it is not mentioned in connection with CrR 7.6(a)(8).

In my opinion, the fact that the same evidence does not support a motion based on CrR 7.6(a)(3) does not preclude its consideration in support of a motion based on CrR 7.6(a)(8).[7] I do not view the rules that strictly. Instead, I

---

[7] In *Berry v. Coleman Sys. Co.*, 23 Wn. App. 622, 596 P.2d 1365 (1979), a grant of a new trial on grounds of substantial justice was upheld. In *Coleman*, post–trial investigation by the plaintiff revealed that the defendant, which had prevailed at the trial of this products liability case, had received 31 complaints of injuries or occurrences similar to the plaintiff's claim, and that defendant had been a party to 13 legal actions involving products similar to the product supplied to plaintiff. The defendant argued that the trial court erred in granting the new trial motion because the test for "newly discovered evidence" had not been met. The court rejected the argument noting that the new trial had not been granted because of newly discovered evidence, but, rather, for reasons of substantial justice. The court said, "Coleman's cases are therefore inapposite, even though Coleman interprets 'substantial justice' as the equivalent of newly discovered evidence." *Berry v. Coleman Sys. Co.*, 23 Wn. App. at 624.

see the trial judge's duty to insure "substantial justice" as an overriding responsibility. CrR 7.6(a)(8) should be considered broadly to permit its use as a "safety valve" in cases where no other avenue is available to accomplish a just result. The criminal rules exist, after all, "to secure simplicity in procedure, fairness in administration, *effective justice, . . .*" (Italics mine.) CrR 1.2. I believe that the trial judge's finding that noncumulative newly discovered evidence exists, which "would, if believed by the jury, necessarily result" in a verdict of not guilty supports his conclusion that substantial justice has not been done. I would affirm the trial court for that reason and, thus, I dissent.

Reconsideration denied November 3, 1986.

Review denied by Supreme Court March 3, 1987.