IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DAVID TILLER and THUY TILLER, husband and wife, | No. 80852-4-1 |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| STEVEN LACKEY and SALLY LACKEY, husband and wife; CASEY O'KEEFE and KAREN O'KEEFE, husband and wife, | |
| Appellants. | |

SMITH, J. — This case involving David and Thuy Tiller's (collectively Tiller) implied easement on their neighbors' driveway returns to us on its second appeal. Steven Lackey, Sally Lackey, Casey O'Keefe, and Karen O'Keefe (collectively Lackey) appeal the denial of their motion to reconsider or vacate the order on remand, as well as the trial court's findings, revised conclusions, and judgment.[1] Because the court did not abuse its discretion in denying this motion and Lackey provides no compelling argument that we should exercise our discretion to revisit settled issues, we affirm.

FACTS

The facts in this case are described in Tiller v. Lackey, 6 Wn. App. 2d 470,

---

[1] Lackey did not specifically include the trial court's findings in the notice of appeal but challenged them below and in their briefs on appeal.

Citations and pin cites are based on the Westlaw online version of the cited material.

431 P.3d 524 (2018), review denied, 193 Wn.2d 1016 (2019). In that case, we reviewed the trial court's conclusion that Tiller had a prescriptive easement across Lakeview Street, a private road on Lackey's land. Tiller, 6 Wn. App. 2d at 482. We concluded that Tiller does not have a prescriptive easement but does have an implied easement of necessity. Tiller, 6 Wn. App. 2d at 505-06. Tiller's lot is bordered to the west by Lackey, to the south by Lake Whatcom, and to the east by a different neighbor's land (the cabin lot). Tiller, 6 Wn. App. 2d at 480, 501. Tiller's lot was originally bordered to the north by an active railroad right-of-way, making the Tiller lot essentially landlocked. Tiller, 6 Wn. App. 2d at 501. After the railroad right-of-way was abandoned, the owner of the Tiller lot purchased the right-of-way that separated the lot from North Shore Road, which is a public street. Tiller, 6 Wn. App. 2d at 480. However, a number of factors kept Tiller from constructing a driveway from the Tiller house, on the lower portion of the property, up to North Shore Road. Tiller, 6 Wn. App. 2d at 480, 482, 505. These factors included an easement on a road across Tiller's land benefiting the cabin lot (cabin lot easement), which the cabin lot owners had sued to keep open. Tiller, 6 Wn. App. 2d at 482, 505.

We concluded that several factors indicated the original owners of the land "intended to reserve to themselves an easement for access to the landlocked portion of their remaining property at the time they severed their interest in the plat." Tiller, 6 Wn. App. 2d at 504. Furthermore, we determined that the necessity for the easement still exists, despite Lackey's contention that a driveway from the Tiller house to North Shore Road was feasible. Tiller, 6 Wn.

App. 2d at 505. Specifically, we concluded that the trial court's unchallenged findings that the Tiller lot is "'limited by topography, by the need to honor the [cabin lot] easement in favor of the cabin lot, [and] by the placement of utilities such as transformer, gas line, and fire hydrant'" confirmed that the necessity still exists. Tiller, 6 Wn. App. 2d at 505 (alterations in original). Accordingly, we remanded to the trial court to enter revised conclusions of law and a revised judgment consistent with our opinion. Tiller, 6 Wn. App. 2d at 506. After we filed our opinion, Lackey filed a motion for reconsideration, which we denied. Lackey then filed a petition for review to our Supreme Court, which was also denied.

### Hearing on Revised Conclusions of Law and Judgment

When the case was remanded to the trial court in 2019, the parties disagreed on what should be contained in the trial court's revised conclusions of law and judgment, which led to a hearing. Lackey contended that the upper parcel of Tiller's land (the railroad parcel) should not be included as a parcel benefitting from the implied easement. The trial court rejected this contention, noting that the railroad parcel was included in the original judgment and was not challenged in the previous appeal, and that although the railroad parcel is a separate parcel under county records, the two lots cannot be sold separately. Lackey also asked the court to revisit its findings regarding necessity, which the court declined to do.

### Motion for Reconsideration and To Vacate

The same morning that the court filed its judgment in favor of Tiller, Lackey filed a motion for reconsideration and to vacate the court's order. Lackey

3

asserted that three pieces of new evidence justified reconsideration or vacation of the judgment. The first was a quitclaim deed for the cabin lot easement, and the second was the judgment quieting title in the corresponding case. Lackey argued that the cabin lot easement had been a material fact on which the easement by necessity was based and that its elimination undermined the easement's ongoing necessity. The third piece of new evidence was the construction of a direct access from Northshore Road to the lower portion of the cabin lot. This was offered to show that topography was not a barrier to building a road from Northshore Road to the lower portion of the Tiller lot, which has similar topography to the cabin lot. The trial court denied the motion, and Lackey appeals.

## ANALYSIS

### Motion To Reconsider or Vacate

A trial court's decision on a motion to reconsider or vacate is reviewed for abuse of discretion. Go2Net, Inc. v. C I Host, Inc., 115 Wn. App. 73, 88, 60 P.3d 1245 (2003) (motion for reconsideration); Larson v. State, 9 Wn. App. 2d 730, 744, 447 P.3d 168 (2019) (motion to vacate) review denied, 194 Wn.2d 1019 (2020). A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds or untenable reasons. Go2Net, 115 Wn. App. at 88.

RAP 12.2 permits motions for reconsideration or to vacate after an appellate court remands the case back to the trial court. RAP 12.2 provides that "[a]fter the mandate has issued, the trial court may . . . hear and decide

postjudgment motions otherwise authorized by statute or court rule so long as those motions do not challenge issues already decided by the appellate court." Here, Lackey filed their motion on several grounds: CR 59(a)(4) and CR 60(b)(3), (6), and (11).[2]  However, the bulk of their argument focuses on CR 59(a)(4) and CR 60(b)(3), which allow for reconsideration or vacation because of newly discovered evidence.

A motion for reconsideration may be granted on the basis of newly discovered evidence if the evidence "'(1) will probably change the result of the trial; (2) was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching.'"  Holaday v. Merceri, 49 Wn. App. 321, 329, 742 P.2d 127 (1987) (quoting State v. Evans, 45 Wn. App. 611, 613, 726 P.2d 1009 (1986)).  "Failure to satisfy any one of these five factors is a ground for denial of the motion."  Holaday, 49 Wn. App. at 330.  The moving party has the burden to show that the new evidence "would be sufficient to change the result" of trial.  Grissom v. Bull, 195 Wash. 97, 104, 79 P.2d 971 (1938).

New evidence in this case would thus need to undermine one of the elements of an implied easement of necessity.  These elements include (1) unity of title and subsequent separation, (2) retention of a quasi easement for the benefit of one part of the estate during the unity of title, and (3) necessity that exists after severance.  Tiller, 6 Wn. App. 2d at 497.  To meet this third element,

---

[2]  Lackey also cited CR 59(a)(4) as a ground for their motion but did not provide any briefing regarding this provision and do not address it on appeal.

there must be "a *reasonable necessity* for the easement in order to secure and maintain the quiet enjoyment of the dominant estate." Evich v. Kovacevich, 33 Wn.2d 151, 157, 204 P.2d 839 (1949) (emphasis added).

Here, the trial court did not abuse its discretion when it concluded that Lackey failed to establish that this reasonable necessity no longer exists.[3] Lackey first presented evidence that Tiller's neighbors to the east had built a temporary unpermitted driveway to a construction site to show that Tiller could build a similar driveway. The trial court noted the insufficiency of this evidence: "I have nothing in the record to tell me that the fact that the [cabin lot owners] have a temporary access for construction is sufficient to say that the Tillers could have . . . permanent fire department approved access." The record supports this determination. It shows that the cabin lot construction, unlike Tiller's home, was situated such that it did not need to meet the requirements of the Whatcom County Code. Permanent fire-department-approved access to the Tiller home is reasonably necessary for the quiet enjoyment of the Tiller lot. The trial court did not abuse its discretion by concluding that this evidence would not change its finding of necessity.

Next, Lackey presented evidence that the cabin lot easement running across Tiller's land had been extinguished, contending that this made the construction of a driveway down to the Tiller home much more feasible. The

_____

[3] The parties disagree over whether the new evidence in this case is the kind of newly discovered evidence that can be admitted under a motion for reconsideration or to vacate. Because we affirm the trial court's decision on other grounds, we need not address this argument.

cabin lot easement was discussed at length in our original decision for two reasons. The first was to infer the intent of the original land owners: because the cabin lot easement joined Lakeview Street, it helped establish the intent to use Lakeview Street for the benefit of the land to the east of what is now Lackey's property. Tiller, 6 Wn. App. 2d at 501-02. The second was to affirm the trial court's finding that current necessity exists because of several factors, including the cabin lot easement, topography, and the placement of utilities. Tiller, 6 Wn. App. 2d at 505. The elimination of the cabin lot easement in 2019 only addresses the latter of these points.

The trial court concluded that the elimination of the cabin lot easement did not vitiate the necessity of Tiller's implied easement. At the motion hearing, Lackey contended that Tiller's easement was no longer necessary, because with the cabin lot easement eliminated, it was now feasible for Tiller to extend a driveway to the Tiller home. The court noted that extensive evidence had been presented at trial about the feasibility of this plan. It noted: "I don't know whether or not this can be done. I don't have affidavits from the folks at the county. I don't have affidavits from the fire marshal. I have nothing specific to tell me whether it could be done or not."

The trial judge in this case presided over the original trial in May and June of 2016 and had visited the properties in question. The court originally concluded that although it thought the other elements of an implied easement were not met,

the element of necessity was met. [4] We will not disturb the court's conclusion that the elimination of the cabin lot easement did not present sufficient evidence to vitiate the necessity of Tiller's implied easement."[5] Cf. Coffer v. Erickson, 61 Wash. 559, 566, 112 P. 643 (1911) ("The granting of a new trial on the ground of newly discovered evidence is a question necessarily so largely in the discretion of the trial judge that it must appear with reasonable certainty that such discretion has been abused . . . before the appellate court will substitute its judgment for that of the presiding judge, who has observed the proceedings throughout the trial.").

Lackey further contends that the trial court abused its discretion when it denied the motion to vacate under CR 60(b)(6), which authorizes the court to vacate a judgment when "it is no longer equitable that the judgment should have prospective application." However, as discussed above, the court reasonably concluded that the new evidence presented by Lackey was not sufficient to change its legal conclusion. Thus, to the extent that the trial court denied the motion on those grounds, it reasonably exercised its discretion. Lackey further argues that the placement of utilities does not support a finding of current necessity, but this contention challenges an issue already decided by this court. In Tiller, the placement of utilities on the Tiller lot was one of the factors that

---

[4] In the trial court's findings of fact, while it vacillated somewhat, it ultimately found that "[n]ecessity does exist, but prior use and unity of title do not."

[5] It is also worth noting that despite Lackey's claim that Lackey "had no opportunity to present newly discovered evidence until entry of the revised judgment on remand," the Rules of Appellate Procedure provide multiple avenues to raise new circumstances during appeal. RAP 7.2(e); RAP 9.11.

8

"confirm[ed] that necessity still exists." Tiller, 6 Wn. App. 2d at 505. Therefore, to the extent the trial court denied the motion on these or other grounds that we had previously affirmed, it reasonably exercised its discretion under RAP 12.2.[6]

Finally, Lackey based their motion on CR 60(b)(11), which allows the court to vacate a judgment for "[a]ny other reason justifying relief" from the judgment. This catch-all provision is reserved for "situations involving extraordinary circumstances not covered by any other section of the rule." Summers v. Dep't of Revenue, 104 Wn. App. 87, 93, 14 P.3d 902 (2001). Lackey raises no such circumstances and does not discuss this section on appeal. We therefore affirm the trial court's denial of the motion to reconsider or vacate.

Challenges to the Inclusion of the Railroad Parcel

Lackey contends that the trial court erred by including the railroad parcel as a portion of the lot benefitting from the easement. We disagree.

"An appellate court's mandate is binding on the lower court and must be strictly followed." Bank of Am., N.A. v. Owens, 177 Wn. App. 181, 189, 311 P.3d 594 (2013). RAP 12.2 provides, "Upon issuance of the mandate of the appellate court . . . , the action taken or decision made by the appellate court is effective and binding on the parties to the review and governs all subsequent proceedings in the action in any court . . . except as provided in rule 2.5(c)(2)." RAP 2.5(c)(2)

---

[6] Lackey also argued that although Tiller's ability to get a driveway to their house approved by the county is dubious, it is also not clear that their access via Lakeview Street can get permitted. In so doing, they were essentially asking the trial court to reopen trial based on facts that had already been available, despite this court's mandate affirming the easement. See RAP 12.2. Regardless, the fact that Tiller may face other obstacles does not nullify their easement, which is at the very least a first step toward permitted access.

gives appellate courts discretion to reconsider their earlier decisions in cases that are again before them. Lodis v. Corbis Holdings, Inc., 192 Wn. App. 30, 57, 366 P.3d 1246 (2015). It does not give this discretion to the trial court on remand from the appellate court. Lodis, 192 Wn. App. at 57.

In our previous decision in this case, we affirmed the award of the easement in favor of Tiller's entire property, "including those portions of the trial court's judgment specifying the width and location" of the easement.[7] Tiller, 6 Wn. App. 2d at 505. Given that Tiller's original lot and the new railroad parcel cannot be sold separately and together constitute one lot, with one residence, we do not see how this decision constitutes an "increase in the burden" carried by Lackey. We therefore decline to exercise our discretion to revisit this decision.

Challenge to Finding of Fact 29

Similarly, Lackey contends that we should permit a challenge to the trial court's finding of fact 29, pertaining to the necessity of the easement. We disagree.

Lackey contends in their briefs on appeal that they were not permitted to challenge this finding on the previous appeal, because they were not aggrieved by that finding until we found that an implied easement of necessity existed. We are not persuaded by this contention. Tiller raised the issue of the implied easement in the previous appeal, including finding of fact 29, and Lackey had

---

[7] "Judgment to quiet title is entered in favor of Plaintiffs David Tiller and Thuy Tiller and their successors in interest as follows: An unrestricted prescriptive easement in favor of Plaintiffs and Plaintiffs' successors in interest, their guests and invitees, and for vehicular and pedestrian ingress and egress to and from Parcels 380325106192 and 380325106171."

ample opportunity to respond. See Tiller, 6 Wn. App. 2d at 504 (noting Tiller addressed finding 29 in cross appeal, which would give Lackey opportunity to discuss in response to cross appeal). Furthermore, RAP 10.3(a)(4) requires the parties in their briefs to make "[a] separate concise statement of each error a party contends was made by the trial court." It does not require a party to be aggrieved by each error.

We are not persuaded, especially after such a lengthy and vexatious litigation, to exercise our discretion to revisit this issue.

### Attorney Fees

Lackey contends we should reverse the trial court's award of attorney fees to Tiller because the trial court erred in denying Lackey's motion. Because we affirm the trial court's denial, we also affirm the award of attorney fees.

Furthermore, both parties request attorney fees on appeal. RAP 18.1(a) authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." As applicable law, both parties cite to Housing Authority of Grant County v. Newbigging, 105 Wn. App. 178, 192, 19 P.3d 1081 (2001), as authorizing attorney fees under CR 60(b). However, Newbigging's discussion of attorney fees under CR 60(b) is limited solely to the issue of whether a *trial* court may grant fees on such a motion. Newbigging, 105 Wn. App. at 192. Because the parties fail to make an argument that supports granting fees on appeal of a CR 60 motion, we decline to award attorney fees. See Gardner v. First Heritage Bank, 175 Wn. App. 650, 676-77, 303 P.3d 1065

11

(2013) (declining to grant attorney fees where a party failed to provide argument in support of its fee request).

We affirm.

WE CONCUR: