UNITED STATES, Appellee,

v.

**Airman Basic Johnny L. McCULLAR,
U.S. Air Force, Appellant.**

No. 48,802.
ACM S25989.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Colonel Leo L. Sergi* and *Captain Kathleen G. O'Reilly* (on brief).

For Appellee: *Colonel Kenneth R. Rengert, Captain Kevin L. Daugherty, Captain Kathleen A. McGah* (USAFR) (on brief).

*Opinion of the Court*

PER CURIAM:

A special court-martial convicted appellant, *inter alia*, of "unlawfully strik[ing] the body of Michaela Lewis with his hands and fists" on January 8, 1983; and of "participat[ing] in a breach of the peace by ejecting Michaela Lewis from his barracks room; by assaulting Michaela Lewis at or near barracks number 226; and by directing insulting language toward Michaela Lewis at or near barracks 226" on January 8, 1983. Appellant asks this Court to conclude that these offenses are multiplicious for findings. We decline.

The first specification adequately alleges not just an assault, but a battery as well; the second specification, though, stops short of alleging a battery as the means of breaching the peace and alleges only an assault. Accordingly, all the elements of the first specification are not fair-

ly embraced in the allegations surrounding the second. *See United States v. Morris*, 18 M.J. 450 (C.M.A.1984); and *United States v. Glover*, 16 M.J. 397 (C.M.A.1983); *see generally United States v. Holt*, 16 M.J. 393 (C.M.A.1983); and *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). Moreover, the breach of the peace occurred not just from the assault, but from other specified actions by appellant, as well; so, under these circumstances, that specification is separate from the first specification.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge FLETCHER did not participate.