UNITED STATES, Appellee,

v.

Sharon K. WALKER, First Lieutenant,
U.S. Army, Appellant.

No. 46347.

CM 441937.

United States Court of Military Appeals.

Dec. 2, 1985.

For Appellant: *Captain James A. McA-tamney, Captain Marcus C. McCarty, Captain Jesse W. Bendahan* (on brief); *Colonel R. Rex Brookshire, II, Major Patrick F. Crow, Captain John D. Martin* and *Captain Bernard P. Ingold.*

For Appellee: *Colonel James Kucera, Major Joseph A. Rehyansky, Captain Richard P. Laverdure, Captain Andrew*

*D. Stewart* (on brief); *Lieutenant Colonel John T. Edwards.*

*Opinion of the Court*

PER CURIAM:

First Lieutenant Sharon Walker was convicted of adultery with a married man and of conduct unbecoming an officer by fraternizing with the same man—a sergeant then in her chain of command, in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 933, respectively. Under the circumstances of this case, we conclude that the adultery offense is multiplicious for findings with the offense of conduct unbecoming an officer and that, accordingly, it must be set aside.

Specifically, the adultery specification alleged wrongful sexual intercourse in appellant's on-post quarters on more than five occasions during a specific time period with a named "married man not her husband, a person subject to her orders, and who from July 1980 until February 1981, was a section sergeant" in the platoon "of which ... [appellant] was then the platoon leader." The specification alleging conduct unbecoming an officer alleged that during the same period appellant fraternized with the same "married enlisted man who was subject to her orders" and who was a section sergeant in the platoon of which appellant was the platoon leader. The "acts of fraternization" alleged were "sexual intercourse on various occasions" in appellant's "on-post quarters" and appellant's "telephoning ... [the man's] quarters on numerous occasions to request that" he "visit her for personal, non-duty related reasons."

Because the specification of conduct unbecoming an officer alleged, as part of that conduct, wrongful sexual intercourse with a married man, it included all the elements of the adultery specification. Accordingly, under the rationale of *United States v.*

*Timberlake*, 18 M.J. 371 (C.M.A.1984), the adultery offense is multiplicious for finding with the offense of conduct unbecoming an officer. We are satisfied, however, that appellant's sentence was not affected by this multiplicity.

The decision of the United States Army Court of Military Review is reversed as to Charge III and its specification. The findings of guilty thereon are set aside and that charge and its specification are dismissed. In all other respects, the decision below is affirmed.