**UNITED STATES, Appellee,**

v.

**Samuel JEFFERSON, Jr., Captain**
**U.S. Army, Appellant.**

No. 45,261.

CM 442048.

U.S. Court of Military Appeals.

Jan. 13, 1986.

For Appellant: *Colonel William G. Eck-hardt, Major Robert C. Rhodes, Captain William T. Wilson, Captain Warren G. Foote* (on brief); *Colonel R. Rex Brook-*

shire, II, Captain Paul E. Conrad, Cap-tain James E. Girvin.

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Captain Patrick M. Flachs, Captain Paul E. Jordan* (on brief).

*Opinion of the Court*

PER CURIAM:

A general court-martial convicted Captain Jefferson of six specifications of conduct unbecoming an officer, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933. The first three specifications under Article 133 alleged adultery with a named enlisted woman as the unbecoming conduct; and the latter three alleged wrongful fraternization by having sexual intercourse with that woman.* We granted review. 15 M.J. 328 (1983). We conclude that only the three findings of conduct unbecoming an officer by fraternizing can be affirmed, because the remaining offenses are multiplicious for findings. This conclusion moots Issue I.

Specifications 1, 2, and 3 of Charge I each alleges as conduct unbecoming an officer that appellant, "a married man, did ... [at a specified time], at Fort Eustis, Virginia, a US Army installation, wrongfully have sexual intercourse with ... [a named enlisted woman], a married woman not his wife."

Specifications 4, 5, and 6 of Charge I each alleges that appellant

did, ... [at specified time], at Fort Eustis, Virginia, a US Army installation, wrongfully fraternize and otherwise wrongfully conduct himself in a manner unbecoming an officer and a gentleman, by: having sexual intercourse with ... [the enlisted woman named in the preceding specifications]; in a troop living area, to wit: Building 808, Fort Eustis, Virginia; during normal duty hours; when ...

---

* On his own motion, the military judge dismissed as multiplicious six specifications alleging the same misconduct as violations of Article 134,

Uniform Code of Military Justice, 10 U.S.C. § 934.

[the named woman] was attached to the same unit which he commanded for purposes of command and control; while both he and ... [the named woman] were in military uniform except for the time they were undressed for the purposes of sexual intercourse; while both he and ... [the named woman] were married to persons other than each other; and while both he and ... [the named woman] knew each other knew they were married to other persons.

We conclude under the rationale of *United States v. Timberlake*, 18 M.J. 371 (C.M.A.1984), that the three offenses of conduct unbecoming an officer by adultery are multiplicious for findings with the three offenses of conduct unbecoming an officer by fraternizing, because the latter three specifications include all the elements of the former three specifications. We need not determine in this appeal whether "fraternization" is a punishable offense in the Army, *cf. United States v. Johanns*, 20 M.J. 155 (C.M.A.1985), because appellant's adultery under the circumstances alleged constituted conduct unbecoming an officer.

We are satisfied that, for purposes of sentencing, the true nature of appellant's acts was recognized at trial. Therefore, appellant suffered no prejudice as to sentence from this multiplicity.

The decision of the United States Army Court of Military Review (14 M.J. 806) is reversed as to specifications 1, 2, and 3 of Charge I. The findings of guilty thereon are set aside and those specifications are dismissed. In all other respects, the decision below is affirmed.