UNITED STATES, Appellant and
Cross-Appellee,

v.

Michael E. RAPPAPORT, Major, U.S.
Air Force, Appellee and
Cross-Appellant.

No. 51540.
ACM 24281.

U.S. Court of Military Appeals.

Oct. 6, 1986.

For the Accused: *Captain Timothy J. Malloy* (argued); *Colonel Leo L. Sergi* (on briefs).

For the United States: *Lieutenant Colonel Robert E. Giovagnoni* (argued); *Colonel Kenneth R. Rengert* and *Major Robert E. Ferencik* (on briefs).

*Opinion of the Court*

PER CURIAM:

Contrary to his pleas, the accused was convicted by a panel of officer members of violations of Articles 125, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 933 and 934, respectively. The sentence to confinement for 6 months, partial forfeitures, and dismissal from the service was approved by the convening authority. The Court of Military Review, sitting *en banc* with two judges dissenting, dismissed one charge under Article 125 for lack of jurisdiction and set aside the findings and sentence based on a finding of prejudicial error (19 M.J. 708).

Whereupon, the Judge Advocate General of the Air Force filed a certificate for review of this issue:*

* Review was also granted (21 M.J. 146) on two    issues raised by the accused. Our resolution of

WAS THE AIR FORCE COURT OF MILITARY REVIEW CORRECT IN CONCLUDING THAT THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED BY ALLOWING DR. [B] AND MRS. [S] TO TESTIFY, OVER DEFENSE OBJECTION, REGARDING PRIOR ACTS OF UNCHARGED MISCONDUCT BY THE ACCUSED.

At the times pertinent to the charged offenses, the accused, a psychologist, was assigned to the mental health clinic at McDill Air Force Base, Florida. The offenses evolved from alleged improprieties with several of his patients during the period December 20, 1980, to May 31, 1982.

I

Among other offenses, the accused was charged with using marihuana and committing adultery and sodomy with two women patients. Both women, Mary Ellen and Donna, testified that they were counseled by the accused at the mental health clinic and eventually enticed into torrid affairs with him, featuring sexual intercourse, mutual sodomy and the use of marihuana. Both women testified that the accused referred to the marihuana he provided for their use as "sinsemilla" and that he suggested their participation in a *menage a trois*.

The accused testified in his own defense and admitted the affair with Mary Ellen, maintaining that he fell in love with her. Although acknowledging most of the misconduct with Mary Ellen, he contended that the affair ended in November of 1980, which placed it outside the 2–year statute of limitations. On the other hand, the accused emphatically denied having any sexual relations with Donna, stating that he "was repulsed by her."

In rebuttal and over defense objection, trial counsel was permitted to call Mrs. "S" to testify that she was a former patient of the accused and that she had an affair with him which lasted from 1978 to mid–1979. She testified that they engaged in sexual intercourse but no oral sex, that the accused provided marihuana which he referred to as "sinsemilla" for their use as an aid to relaxation during sex, and that he suggested that they have another woman join them in their sexual activities, referring to this as a *menage a trois*.

The military judge admitted her testimony as evidence of plan, design, or *modus operandi* under Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1969 (Revised edition). He failed to mention *modus operandi* in his charge to the members, however, instructing them on the limited use of the evidence thusly:

> Evidence that the accused engaged in adultery and the smoking of marihuana, which he referred to as sinsemilla, with ... [Mrs. "S"] in 1978, and that he suggested a *menage a trois*, may be considered by you, but only for the limited purpose, if any, to indicate a plan or design with respect to certain offenses alleged[ly] committed with Mary Ellen ... and Donna ...

■ The majority of the court below concluded that the military judge abused his discretion in admitting the above evidence and we agree with that determination. Mil.R.Evid. 404(b) prohibits evidence of other crimes, wrongs, or acts to prove the conduct of the actor. It *may* be admissible, however, when it is offered for some other purpose, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

If the issue here were the identity of the man with whom Donna and Mary Ellen had sex, a distinctive technique employed by the accused in his sexual encounters might be relevant to show that all offenses were perpetrated by the same man. As there was no question of identity, however, it is doubtful whether evidence of *modus operandi* was relevant. *See United States v. Woods,* 613 F.2d 629 (6th Cir.), *cert. denied,* 446 U.S. 920, 100 S.Ct. 1856, 64

the certified issue obviates the necessity of considering those issues.

L.Ed.2d 275 (1980); *United States v. Silva,* 580 F.2d 144 (5th Cir.1978); *People v. Tassell,* 36 Cal.3d 77, 201 Cal.Rptr. 567, 679 P.2d 1 (1984). In any event, the members were instructed that the evidence was admitted for the limited purpose of proving plan or design. Therefore, we will not consider its possible admissibility for a different purpose. *See United States v. Watkins,* 21 M.J. 224, 226 n. 2 (C.M.A.1986).

The Government argues that this evidence was properly admitted for the purpose it was instructed upon at trial, that is, to prove that the accused engaged in an affair with Mrs. "S" as part of a larger plan to take advantage of his female patients. We disagree. Evidence that the accused previously had a similar affair with one of his patients did not tend to establish a plan or overall scheme of which the charged offenses were part. *See United States v. Dothard,* 666 F.2d 498 (11th Cir.1982); *United States v. O'Connor,* 580 F.2d 38 (2d Cir.1978). It tended to establish propensity, not plan. We conclude, as did the majority of the Court of Military Review, that "the evidence reveals nothing more than a collection of disparate acts of the ... [accused] having illicit sex and drug abuse in common." 19 M.J. at 713.

## II

The accused was also charged with soliciting another patient, Debbie Arnold, to use marihuana and to commit adultery, and with soliciting Debbie's husband, Sergeant Arnold, to possess marihuana. These offenses were alleged to have occurred during the course of therapy sessions with the Arnolds.

The accused denied soliciting Debbie or her husband to use marihuana or to have extramarital affairs. In response to specific questions posed in cross-examination, the accused also denied smoking marihuana with Dr. "B," his supervisor at the clinic. In rebuttal, trial counsel was permitted, over defense objection, to call Dr. "B" to testify that the accused smoked marihuana

with him on several social occasions in 1978 and that the accused suggested that he smoke marihuana with his son to improve their relationship.

■ The military judge instructed the members that the testimony of Dr. "B" was to be considered "for the limited purpose of its tendency, if any, as circumstantial evidence of the accused's intent with respect to solicitations he allegedly made to Sergeant Arnold and his wife with respect to obtaining and using marihuana."

■ The majority opinion of the court below found that evidence of the accused's drug usage was barred under Mil.R.Evid. 608(b), which prohibits the use of extrinsic evidence for the purpose of attacking credibility. That was not the purpose for which the evidence was received at trial, however. It was admitted for the quite different purpose of proving the accused's intent to solicit the Arnolds to use marihuana. Nevertheless, we do not believe evidence that the accused used marihuana socially with a colleague is probative of his intent when counseling patients 3 years later. Where evidence of other crimes is offered to prove intent, the relevancy of the other crime is derived from the accused's possession of the same state of mind in the commission of both crimes. *United States v. Kopituk,* 690 F.2d 1289, 1334 (11th Cir. 1982), *cert. denied,* 461 U.S. 928, 103 S.Ct. 2089, 2090, 77 L.Ed.2d 300 (1983); *United States v. Beechum,* 582 F.2d 898 (5th Cir. 1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979).

Although the accused was found not guilty of the solicitation offenses, there may have been a spillover effect onto other findings. *United States v. Hogan,* 20 M.J. 221 (C.M.A.1985). We decline to overturn the determination below that the errors were prejudicial.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge SULLIVAN did not participate.