**UNITED STATES**

v.

**Captain Frank E. CALDWELL,
338–32–1692 FV, United States
Air Force.**

**ACM 25416.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 March 1986.

Decided 9 Jan. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Joe R. Lamport and Major David F. Barton.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge:

Contrary to his pleas the appellant was convicted by a general court-martial with members of two specifications of fraternization with a female enlisted member in his unit, two specifications of adultery with her, and an assault and battery upon her. The sentence was a dismissal.

Several errors are assigned by the appellant, only three of which require discussion. These assigned errors concern multiplicity for the purposes of findings, admission of evidence of uncharged misconduct, and trial counsel's argument on the sentence.

One fraternization specification alleged that the appellant, in California, fraternized with Staff Sergeant (SSgt) L, an enlisted person assigned to the Fuels Branch, of

which the appellant was the Officer-in-Charge, "by engaging in acts of sexual intercourse with and showing preferential treatment in a work place toward the said SSgt [L]." The other specification alleged fraternization, "by traveling to Las Vegas, Nevada, with the said SSgt [L], sharing a motel room with her, engaging in sexual relations with her, gambling in the Las Vegas area with her, and otherwise displaying undue familiarity towards her...." Corresponding in times and places with the above allegations, the adultery specifications alleged the appellant, "a married man" had "sexual intercourse with [L], a woman not his wife."

■ Citing *United States v. Jefferson*, 21 M.J. 203 (C.M.A.1986), the appellant claims the fraternization specifications and the adultery specifications are multiplicious for findings. At trial the military judge found against the appellant on this issue, but did instruct the court members that the fraternization and adultery were multiplicious for sentencing purposes. We agree with the military judge.

*United States v. Baker*, 14 M.J. 361 (C.M.A.1983), is the leading case on multiplicity for findings and sets out the tests to be applied. Multiplicity only becomes an issue if "the charged offenses are based on '[o]ne transaction or what is substantially one transaction.'" *United States v. Baker, supra*, at 366. As to the sexual intercourse we believe that threshold test is met in this case. Next, we must determine whether "one offense may be a lesser-included offense of another offense in two situations: First, where one offense contains only elements of, but not all the elements of the other offense; second, where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial." *United States v. Baker, supra*, at 368. In applying these subsidiary tests, we need not go beyond the language of the specifications on which the

case is tried. *United States v. Holt*, 16 M.J. 393 (C.M.A.1983).

It is clear that an element of adultery is that one, or both, of the participants must be married to someone other than the other participant. MCM, 1984, para. 62b(2). Fraternization requires a military senior-subordinate relationship, which is not an element of adultery. Furthermore, fraternization is not the equivalent of adultery. MCM, 1984, para. 83b. Thus, we believe the first subsidiary test has not been satisfied in this case. However, at least two decisions of the Court of Military Appeals have found adultery to be a lesser included offense in the circumstances of those cases. In the first, *United States v. Walker*, 21 M.J. 74 (C.M.A.1985), the fraternization specification expressly alleged sexual intercourse with the same *"married* enlisted man" (emphasis added) who was the accused's alleged paramour in the adultery specification. The adultery specification alleged the enlisted man was, "a person subject to her [the accused's] orders, who ... was a section sergeant 'in the platoon' of which ... [appellant] was then the platoon leader." A month later the Court rendered a similar opinion in *United States v. Jefferson, supra*. There, the fraternization specifications alleged sexual intercourse with the same paramour named in the adultery specifications, "while both he and ... [the named woman] were married to persons other than each other." *See also United States v. Johanns*, 20 M.J. 155 (C.M.A. 1985). We believe that what the Court of Military Appeals did in *Walker* and *Jefferson* was to examine the wording of the specifications and then find that adultery was "fairly embraced" in the fraternization specifications.

In the case before us the fraternization specifications have no language in them indicating or implying the sexual intercourse was adulterous. There are no words in them to the effect that the appellant was married to another at the time he engaged in sexual intercourse with SSgt L. Therefore, we hold that the fraternization specifications did not fairly embrace the adultery specifications, and the military

judge did not err. *United States v. McCullar*, 20 M.J. 218 (C.M.A.1985); *United States v. Di Bello*, 17 M.J. 77 (C.M.A.1983); *United States v. Holt, supra;* and *United States v. Glover*, 16 M.J. 397 (C.M.A.1983).

■ The appellant also avers that it was error to admit the testimony of Senior Airman (SRA) B into evidence under Military Rule of Evidence (Mil.R.Evid.) 404(b). SRA B testified she had a two month affair with the appellant. There were a number of similarities between that short affair and the alleged three year affair between the appellant and SSgt L. Trial counsel argued that SRA B's testimony was admissible as evidence of modus operandi and a scheme. When the military judge made his ruling, he made findings of similarity, but did not specify precisely the reason he was admitting the evidence. However, prior to findings he did instruct the court members that they could consider SRA B's testimony, "to prove a plan or scheme on the part of the accused to obtain sexual favors from subordinate military personnel." Accordingly, we will consider that her testimony was admitted as evidence of a plan or scheme only.

We find that *United States v. Rappaport*, 22 M.J. 445 (C.M.A.1986), is dispositive of this issue. In *Rappaport* the accused was charged with adultery and sodomy arising from affairs with two of his female patients. A third woman, Mrs. S, was permitted to testify as to a similar affair with the accused. In holding that Mrs. S's testimony was not admissible as evidence of a plan or scheme under Mil.R. Evid. 404(b), the Court of Military Appeals said:

> Evidence that the accused previously had a similar affair with one of his patients did not tend to establish a plan or overall scheme of which the charged offenses were a part ... It tended to establish propensity, not a plan. We conclude, as did the majority of the Court of Military Review, that "the evidence reveals nothing more than a collection of disparate acts of the ... [accused] having illicit sex and drug abuse in common."

*United States v. Rappaport, supra*, at 447.

■ The facts in this case are remarkably similar to those in *Rappaport*, and we, therefore, conclude it was error to admit SRA B's testimony. It is clear to us that the prosecution bears a heavy burden in demonstrating uncharged acts or misconduct are evidence of a plan or scheme in this type of situation. Showing one act which is similar to those charged will not generally satisfy that burden. How evidence of similar acts will show plan or scheme we leave to analysis in future cases.

Despite this error we find that the appellant was not prejudiced. The evidence of his guilt was overwhelming. Not only was SSgt L's testimony detailed, believable, and largely uncontradicted, it was also extensively corroborated. Numerous love poems and cards from the appellant, the testimony of SSgt L's best friend and neighbor, the testimony of the appellant's former secretary, evidence that the appellant and SSgt L jointly purchased a pickup truck, and a Las Vegas motel registration slip are just some of the items of corroborating evidence. Furthermore, the sentence to a bare dismissal itself indicates the appellant was not harmed by SRA B's evidence as far as punishment is concerned.

■ We now turn to the final assigned error which warrants discussion. The appellant urges that he was denied a fair trial by trial counsel's argument on the sentence. The appellant is a black officer, whereas both SSgt L and SRA B are caucasians. In argument on the sentence trial counsel said:

> What the accused was was predatory: he waited for *white*, lonely women, coming new to March Air Force Base, ... as long as there are officers, like Captain Caldwell, running around preying on [Air Force enlisted personnel] and manipulating them for their own purposes, we have not provided the environment for them to defend this nation ... And, if you think that he's not a predatory ani-

mal ... tell [SRA B] ... That's predatory, gentlemen. (emphasis supplied).

While we doubt trial counsel consciously intended to interject racism into the case, it appears to us that this was the result. While trial defense counsel did not object to the argument, we believe it could have been inflammatory and hold that it was error. It is improper for counsel to seek unduly to inflame the passions or prejudices of the court members. *United States v. Clifton,* 15 M.J. 26 (C.M.A.1983); *United States v. Shamberger,* 1 M.J. 377 (C.M.A. 1976); and *United States v. Nelson,* 1 M.J. 235 (C.M.A.1975). "[A]ny appeal to racial prejudice is a foul blow which must be rejected by the courts." *United States v. Krohn,* 573 F.2d 1382, 1389 (10th Cir.1978). *See also McFarland v. Smith,* 611 F.2d 414 (2nd Cir.1979); *Withers v. United States,* 602 F.2d 124 (6th Cir.1979); and *Miller v. North Carolina,* 583 F.2d 701 (4th Cir.1978). We join with appellate defense counsel in this case in saying, "an appeal to racial prejudice is repugnant to our system and has no place in an American courtroom."

Nevertheless, we find that the appellant suffered no harm from the sentencing argument of trial counsel. Although he was convicted of offenses for which the maximum punishment was a dismissal, confinement for four years and six months, and forfeiture of all pay and allowances, he was sentenced to only a bare dismissal. If there was an appeal to racial prejudice, we are satisfied it fell on deaf ears. The court members, we are convinced, were not improperly influenced by it.

The findings and sentence are correct in law and fact and there were no errors which materially prejudiced the substantial rights of the appellant. Accordingly, the findings and sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge LEWIS concur.