## UNITED STATES

### v.

**Airman First Class Daniel J. McDO-WELL, FR 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, United States Air Force.**

**ACM 28033.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 June 1989.

Decided 5 April 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Ronald A. Gregory and Major Conrad C. Baldwin, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr.; Major Terry M. Petrie and Captain Leonard R. Rippey.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

Mil.R.Evid. 404(b)—evidence of other crimes, wrongs, or acts—is the Russian nesting doll of military law. Twist one of these "matrioshka" dolls at the waist and out tumble a confusing succession of smaller and smaller dolls. In this simile, they are called by such names as *plan, motive, design, intent, scheme,* and the like. In one of their more recent appearances, the term *bad attitude* has been suggested; *see United States v. Ferguson,* 29 M.J. 559 (A.F.C.M.R.1989). Finally, in an effort to bring rationality to a most complex area, the Court of Military Appeals has suggested that it might be wise to hypothesize that there are no nesting dolls at all—*see United States v. Castillo,* 29 M.J. 145 (C.M.A. 1989).[1]

---

1. "Accordingly, the sole test under Mil.R.Evid. 404(b) is whether the evidence of the misconduct is offered for some purpose other than to demonstrate the accused's predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses [citations omitted]. It is unnecessary, however, that relevant evidence fit snugly into a pigeon hole provided by Mil.R.Evid. 404(b)." *United States v. Castillo,* 29 M.J. 145, 150 (C.M.A.1989).

Despite his not guilty pleas, Airman First Class McDowell was found guilty by a general court-martial consisting of members of indecent acts upon RD, a 14 year old boy, as well as attempting other indecent acts upon RD. These are violations of Articles 134 and 80, UCMJ, 10 U.S.C. §§ 934, 880. His approved sentence is a bad conduct discharge, confinement for one year, forfeiture of $400.00 per month for 18 months, and reduction to airman basic.

Before us, McDowell argues that the trial judge erred to the appellant's substantial prejudice by admitting evidence of uncharged misconduct on findings. We agree.

### Factual Setting

Because of a bad family relationship back home, a youth of 14 named RD moved from Oklahoma to Lubbock, Texas. In Texas, he lived near Reese Air Force Base with his uncle and aunt, Airman First Class Vernon Catcher and Mrs. Helen Catcher. The appellant often visited the Catcher home and babysat their two children. Between May and December of 1988, the appellant and RD became good friends.

The acts of which the appellant was found guilty are based on RD's assertions that the appellant twice improperly touched RD's legs and rubbed his groin area. The first two touchings are said to have occurred in a bedroom of the Catcher home while RD and the appellant were alone. The second incident was alleged to have occurred while RD and the appellant were sleeping on the Catcher living room couch.[2]

Over defense objection, the trial judge permitted cross-examination of the appellant concerning his alleged unnatural attraction to another teenage boy, MH. Later, after the defense rested, the prosecutor offered the rebuttal testimony of MH and MH's father, a master sergeant. This testimony was offered to show motive, lack of accident, or design.

The master sergeant testified that he had become apprehensive of the inordinate affection displayed towards his son by the

appellant. MH testified that the appellant: (1) spent time with him and talked about girls and sex; (2) touched him on the knee; (3) put his arm behind MH while they were riding in the appellant's truck; (4) wrestled with MH in the appellant's dorm room; and (5) stared at MH while they were swimming. MH related that the appellant's actions made MH "uncomfortable" and ultimately caused him to tell the appellant to stay away.

We find this evidence inadmissible.

### Mil.R.Evid. 404(b)

In *United States v. Rappaport*, 22 M.J. 445 (C.M.A.1986), a psychologist was charged with committing adultery and sodomy with two women patients. To rebut various assertions by the accused, the prosecution called a third woman patient to testify as to what had happened to her when being treated by the appellant. The military judge admitted this testimony as evidence of plan, design, or *modus operandi* under Mil.R.Evid. 404(b). This Court, en banc, held by a 5–2 majority that it was prejudicial error to admit the uncharged acts. The Court of Military Appeals affirmed, commenting that:

The Government argues that this evidence was properly admitted for the purpose it was instructed upon at trial, that is, to prove that the accused engaged in an affair with Mrs. "S" as part of a larger plan to take advantage of his female patients. We disagree. Evidence that the accused previously had a similar affair with one of his patients did not tend to establish a plan or overall scheme of which the charged offenses were part [citing Federal precedents]. It tended to establish propensity, not plan. We conclude, as did the majority of the Court of Military Review, that 'the evidence' reveals nothing more than a collection of disparate acts of the ... [accused] having illicit sex and drug abuse in common.'

In *United States v. Gamble*, 27 M.J. 298 (C.M.A.1988), the evidence in question

2. The appellant was acquitted of assaulting one of the young children he babysat; the offense

was charged under Article 128, UCMJ, 10 U.S.C. § 928.

spoke of the accused's approach in dating women. He allegedly would act like a gentleman yet employ force if a date would not engage willingly in sexual relations. *Gamble*, 27 M.J. at 304. The ultimate basis for the trial judge admitting the evidence was *modus operandi*. The Court reversed, holding that the accused's two separate earlier incidents insufficient to show *modus operandi* or plan. *Gamble*, 27 M.J. at 305.

In *United States v. Ferguson*, 28 M.J. 104 (C.M.A.1989), the prosecution questioned the accused's two stepdaughters regarding acts of sodomy several years in the past. This evidence was admitted to show *modus operandi*. The Court reversed on appeal, noting that identity was never in issue at trial—either the acts occurred or they did not. Accordingly, the Court reasoned, the challenged testimony of prior acts was irrelevant to show *modus operandi*. Furthermore, it lacked "close parallels" with the charged sodomies. *See Ferguson*, 28 M.J. at 109.

■ We believe the lesson to be gleaned from these and similar cases is that the complained of matters were inadmissible in this instance. *See also United States v. Caldwell*, 23 M.J. 748 (A.F.C.M.R.1987); *United States v. Duncan*, 28 M.J. 946 (N.M.C.M.R.1989). It follows that the military judge erred by admitting the evidence as probative of motive, lack of accident, or design.[3]

Nor can the Government gain satisfaction on the present facts from recent pronouncements of the Court of Military Appeals. Consider, for example, *United States v. Reynolds*, 29 M.J. 105 (C.M.A. 1989). There, the appellant clearly placed his intent, scheme, or design into issue from the outset by arguing that he was a romantic, poet, and macho pilot—the sort of successful lover who would never resort to violence to overcome the will of a woman. He insisted the prosecutrix had consented to his activities—or at least went along eventually. *Reynolds*, 29 M.J. at 107.

Unlike the facts before us today, *Reynolds* is a case where intent/scheme/design were clearly in issue from the very beginning of the court-martial. Accordingly, it is inapposite to the instant case. More specifically, immediately after stating its holding, the Court warned that:

[W]e caution bench and bar that this case does not expand or change the considerably limited use of prior sexual misconduct to prove a sexual-misconduct case. *See United States v. Ferguson, United States v. Gamble, United States v. Rappaport*, all *supra*. In order to be admissible, the evidence must prove some issue in controversy, and it must be carefully balanced to insure that 'its probative value' is not 'substantially outweighed by the danger of unfair prejudice.' Mil.R.Evid. 403.

There is another ground on which the evidence was ostensibly offered in the present case—as rebuttal evidence once the appellant took the stand. We have serious doubts whether the mere act of testifying opens the floodgates for all these matters. *See United States v. Castillo*, 29 M.J. 145, 151 (C.M.A.1989); *United States v. Maxwell*, 21 M.J. 229, 230 (C.M.A.1986). In any event, we need not decide whether the evidence was properly admissible upon that basis. From our reading of the record, it is clear that the challenged evidence was never advanced by the prosecution on the limited theory of rebuttal evidence. The first mention of the uncharged sexual misconduct occurred during cross-examination of the appellant. After a discussion of whether the appellant had difficulty on his job or with co-workers, the prosecutor asked: "[RD] isn't the first young 14–year–old you've been attracted to, is he?" Following a strenuous defense objection, the military judge found a good-faith basis for the prosecution inquiry; thereupon, he ruled the matter admissible under Mil.R.Evid. 404. *See generally United States v. Watkins*, 21 M.J. 224, 226 n. 2 (C.M.A.1986).

---

**3.** There is no explicit point in the record where we have found the military judge stating that he

performed the balancing test under Mil.R.Evid. 403.

*Mil.R.Evid. 403—The Balancing Test*

Turning to the balancing test under Mil. R.Evid. 403, we find that the military judge abused his discretion in permitting this single instance of another act. It is evident to us in our analysis of the record that the prosecution was saying: "This appellant has an inordinate and unhealthy affection for young males; he is probably gay; since he perhaps acted suspiciously with MH, he is likely guilty of doing something criminal with RD." Considering this record, we believe the testimony of MH and his master sergeant father carried a clear and powerful potential for abuse through whatever biases and stereotypes exist in regard to homosexuality. *See United States v. Gillespie*, 852 F.2d 475, 478–479 (9th Cir.1988); *McGill v. Duckworth*, 726 F.Supp. 1144, 1147–1148 (N.D.Ind.1989). *But see State v. Bouchard*, 31 Wash.App. 381, 639 P.2d 761, 763 (1982).

We think the following questions are appropriate factors to consider in striking a reasoned balance:

—How persuasively does the evidence of the other act show that the charged act occurred and that the appellant was the perpetrator?

—Are the inferences to be drawn from the evidence clear, or are they likely to be misleading and create confusion?

—How forcefully does the evidence tend to establish the admissible purpose(s) for which it would be admitted?

—Will it have an undue tendency to resolve the disputed issue on the basis of the pertinent character trait?

—Will the evidence have an undue tendency to resolve the disputed issue on an improper or primarily emotional basis?

*See generally* Carparelli, *Determining the Admissibility of Evidence of Other Crimes, Wrongs, or Acts under Rule 404(b)*, talking paper, April 1989, 20–21.

### Application

■ Measured against these considerations, we find the vague and generally nonspecific testimony in regard to the appellant's conduct with MH clearly inadmissible. There may well be occasions where a prior, recent sexually-intended act with another boy of the same age and in a similar setting might very well be admissible. Here, the testimony of MH and his father is flatly of insufficient specificity to establish anything useful about the appellant's conduct with RD.

In *McGill v. Duckworth, supra,* the plaintiff was an inmate in the Indiana state prison. He brought a successful civil action against prison officials and guards after being attacked by another inmate. On appeal, the state moved for a new trial, contending that the trial judge erred in refusing to permit the state to show that Mr. McGill had engaged in prior homosexual activities in the past. Finding the trial judge's ruling correct, the court commented that:

> [T]he defendants' proffered use of the evidence on the issue of consent would seek to create the precise inference forbidden by Rule 404(b): Mr. McGill is the sort of person who engages in consensual homosexual activity because he did it before, so he must have done it this time. In other words, Mr. McGill acted in conformity with his character, which entails consensual homosexual activity ... The second sentence of Rule 404(b) sets forth other purposes for which "other act" evidence may be admissible, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence of Mr. McGill's homosexual history would not have served any of these purposes.

The court continued:

> The other act must be similar enough, and close enough in time, to the act in issue to be probative. The prior act was similar insofar as it entailed sexual activity between males, but the defense did not suggest that the prior act involved anal intercourse. Moreover, it is questionable whether a single prior sexual act, whether homosexual or heterosexual, is probative of later willingness to engage in sexual conduct with another ... [citation omitted] "giving away sex

has no more in common with rape than giving away money has in common with armed robbery".... Finally, the probative value of the evidence must outweigh the danger of unfair prejudice. As noted above, the evidence has little or no permissible probative value on the issue of consent.

Finally, the court concluded:

The defendants' proffered evidence would have done nothing more than portray Mr. McGill as a person to whom the jury should accord lesser respect because of his past act of homosexuality. Based on the other evidence presented at trial, the prior act would not have been probative of any permissible inference. Any permissible probative value that might be attributed to the prior act would have been so light as to have been dwarfed by the potential for unfair prejudice.

*McGill v. Duckworth*, 726 F.Supp. at 1147–1148.

 Because of our disposition of this matter, we need not consider the other matters raised by the appellant. We are convinced from reading the record that the challenged evidence was used extensively and forcefully throughout the prosecution of the case. In short, the prosecution used the testimony concerning MH to suggest that this appellant must be guilty today because he had been overly-friendly with another youth in the past. Given the volatile nature of such an allegation, we believe it helped tilt the balance in an otherwise close case. The appellant was prejudiced. *See Gamble*, 27 M.J. at 308.

The findings of guilty and the sentence are set aside. A rehearing may be ordered. If a rehearing is not deemed to be feasible or practicable, the convening authority should dismiss the charges and specifications.

Senior Judge BLOMMERS and Judge MURDOCK concur.