UNITED STATES, Appellee,

v.

Staff Sergeant Ryan D. HEBERT, 004–52–5867, United States Army, Appellant.

ACMR 8902634.

U.S. Army Court of Military Review.

8 March 1991.

For Appellant: Captain Brian D. Bailey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

VARO, Judge:

The appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of two specifications of sodomy with a minor in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925 (1982) [hereinafter UCMJ].[1] His approved sentence provides for a dishonorable discharge, confinement for five years, forfeiture of $400.00 pay per month for sixty months, and reduction to the grade of Private E1.

The acts for which the appellant was convicted involve sodomy with his fourteen-year-old stepson.

At trial, the government was allowed to introduce evidence of uncharged misconduct regarding the appellant's acts of fondling and sodomy with his two nephews three years prior to the charged offenses. The appellant now asserts that the military judge erred to the prejudice of the appellant by admitting this testimony. Specifically, the appellant asserts that this testimony was admitted solely for the purpose of showing the appellant's character and thus it should have been excluded as violating Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 404(b) [hereinafter Mil.R.Evid. 404(b)]. We disagree.

Prior to assembly of the court-martial, the trial defense counsel moved to suppress testimony of the appellant's nephews and others. The military judge granted the motion in part, thus keeping additional testimony regarding sexual misconduct by the appellant from the finders of fact. With regard to the testimony by the appellant's nephews, however, the military judge found it to "be highly probative" of the appellant's intent to receive sexual gratification from involvement with young boys. Drawing on the Court of Military Appeals standards in *United States v. Castillo*, 29 M.J. 145 (C.M.A.1989) and *United States v. Reynolds*, 29 M.J. 105 (C.M.A.1989), the military judge determined that the evidence demonstrated motive and intent and was therefore admissible. Because the nature of the uncharged misconduct was so directly related to the charges in question, the military judge's determination that it showed intent was proper. The evidence was thus admissible under Mil.R.Evid. 404(b) as it was "offered for some purpose other than to demonstrate the accused's predisposition to crime." *Castillo*, 29 M.J. at 150. *See also United States v. Bender*, 30 M.J. 815 (A.C.M.R.1990), *pet. granted*, CMA 65,097AR (C.M.A. 4 Dec. 1990). *But see United States v. McDowell*, 30 M.J. 796 (A.F.C.M.R.1990). We further agree with the military judge's determination that the probative value of the evidence outweighed any danger of unfair prejudice to the appellant in this case. Mil.R.Evid. 403.

Assuming *arguendo*, that the military judge erred in allowing the nephews to testify, we find that the record of trial contains such overwhelming evidence against the appellant that there was no possibility of such error causing unfair prejudice to the appellant either on the findings or the sentence. In addition to the

---

1. The appellant was arraigned on four specifications of sodomy with a minor. He was acquitted of Specification 2 of the Charge. Specification 4 of the Charge was dismissed prior to pleas pursuant to a defense motion that the act in question occurred outside the statute of limitations.

testimony of the nephews, the following evidence of the appellant's guilt was received:

a. Testimony from the victim that the appellant had committed sodomy with him approximately seventy times;

b. Testimony from the appellant's wife that she left the appellant because she had found him naked in bed with her son;

c. Testimony from two of the appellant's sisters revealing statements by the appellant wherein he stated his wife had left him after finding him in bed with his stepson, and that he was in love with his stepson.

d. Testimony from the appellant that he never committed sodomy upon anyone, a statement which was impeached by a third sister who testified that the appellant had committed sodomy with her when she was eight years old, and had continued to sexually molest her for several years thereafter.

Viewing the evidence in a light most favorable to the government, and making allowances for not having personally observed the witnesses, we hold the evidence to be legally and factually sufficient to establish the appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *reh'g denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *United States v. Turner*, 25 M.J. 324 (C.M.A.1987).

The appellant has personally submitted numerous assertions of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). We have considered all of them and find them to be without merit. However, the appellant's assertion of trial counsel misconduct does warrant comment. At a post-trial Article 39(a), UCMJ session, the trial defense counsel requested a mistrial because of improper actions by the appellant's wife and improper comments made by the trial counsel during two recesses. The trial counsel conceded that he stated that the appellant was "a guilty son of a bitch" and that the appellant "was going to jail." These statements were made in the break area outside the court-room in the presence of several spectators and some court members. At one of these recesses, the appellant's wife apparently became very loud and upset. During the post-trial session, all members of the court-martial were questioned by the military judge and counsel. Response by the court members revealed that none heard any specific statements made by the trial counsel or saw the appellant's wife upset outside the courtroom. We agree with the military judge's determination that while the trial counsel's comments were inappropriate, they were not overheard by the court members and had no impact on their deliberations.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge NAUGHTON concur.