UNITED STATES, Appellee,

v.

**Glen D. BENDER, Staff Sergeant, U.S. Army, Appellant.**

No. 65,097.

CM 8802589.

U.S. Court of Military Appeals.

Argued March 14, 1991.

Decided Sept. 12, 1991.

For Appellant: *Captain Edward T. Keable* (argued); *Lieutenant Colonel Russell S. Estey* and *Captain Brian D. Bailey* (on brief).

For Appellee: *Captain Joel J. Berner* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Maria C. Fernandez* (on brief).

*Opinion of the Court*

COX, Judge:

This case requires us to consider whether the military judge erred when he admitted prior uncharged misconduct into evidence against appellant. Mil.R.Evid. 404(b), Manual for Courts–Martial, United States, 1984. Appellant was charged with committing indecent acts upon his 10–year–old daughter. The alleged acts included fondling her breasts and vagina. To meet its burden of proof, the Government not only had to prove that the acts occurred but also "[t]hat the accused committed the act with intent to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both...." Para. 87b(1)(d), Part IV, Manual, *supra; see* Art. 134, Uniform Code of Military Justice, 10 USC § 934.

In furtherance of its case, the Government introduced two contested pieces of evidence. First, the Government sought to introduce an earlier confession by the accused wherein 3 years prior to the charged offenses, he confessed to having performed indecent acts upon his daughter, including sodomy. Second, the Government sought to introduce the live testimony of another young girl, Melissa, who would testify that appellant had fondled her on numerous prior occasions. The military judge ruled that most of the confession and the testimony would be allowed. He redacted the references to oral sodomy from the confession. It is the testimony of Melissa that gives rise to the issue on appeal before us.

Regarding Melissa's testimony, the military judge ruled as follows:

It [Melissa's statement] has some bearing as to the accused's intent to satisfy his sexual desires when he committed the charged offenses. But, more importantly, it has a bearing on the motive and the

common method, plan, or scheme.... Melissa['s] [last name deleted] testimony also would supposedly establish that the accused maintained a perverse sexual desire for young girls. The testimony would also establish that the accused had the sexual desire and acted upon it even after he had confessed to CID that he had molested his daughter for 4 or 5 years. More importantly, her testimony would establish that the accused had this sexual desire for young girls near the time of the charged crime. As to the common plan, method, or scheme, in the 1984 confession, the accused admitted he repeatedly abused his daughter over a period of 4 or 5 years beginning when she was 1 or 2 years old.... Melissa ... will testify to acts that are virtually identical to the charged acts, and committed in a way that is virtually identical to the way described by the victim. Further, it is admissible under Military Rule of Evidence 404(b), *citing United States v. Cuellar*, 27 MJ 50, Court of Military Appeals case of 1988, because it tends to establish the victim's credibility, which is, I understand in this case is to be an issue.

The Court of Military Review affirmed the findings and sentence. 30 MJ 815 (1990). In so doing, that court undertook the three-step analysis that we formulated in *United States v. Reynolds*, 29 MJ 105, 109 (CMA 1989), and reached the following conclusions: First, that the evidence reasonably supported a finding that appellant had committed the prior acts upon Melissa. Second, that the evidence was being offered for a proper purpose under Mil.R. Evid. 404(b); specifically, the Court of Military Review concluded "that the military judge properly allowed the admission of this evidence on the issue of intent under Mil.R.Evid. 404(b)." Also, it concluded that "consideration of this evidence with regard to motive does not appear to be improper." 30 MJ at 820. Lastly, it implicitly concluded that the probative value of the evidence outweighed any undue prejudice. Mil.R. Evid. 403.

We have carefully reviewed the evidence and appellant's arguments and conclude that the decision of the Court of Military Review was correct. *See also United States v. Munoz*, 32 MJ 359 (CMA 1991); *United States v. Mann*, 26 MJ 1 (CMA), *cert. denied*, 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988). Indeed, we can add nothing to the well-considered opinion below that would further advance the law or provide any clearer understanding of these murky issues.

The decision of the United States Army Court of Military Review is affirmed.

SULLIVAN, Chief Judge (concurring):

Appellant's defense focused on the credibility of the victim and her testimony that appellant committed the charged acts. It did not introduce evidence that, if these acts occurred, they were accidental or for medicinal purposes. Admission of evidence of prior sexual misconduct to show intent in this context would normally be suspect. *See United States v. Rodriguez*, 31 MJ 150, 155 (CMA 1990). However, in view of the ambiguous nature and circumstances surrounding some of the indecent acts alleged and proven in this particular case, I see no error in the Government's introducing such evidence to fill a possible hole in its case. *See United States v. Cuellar*, 27 MJ 50, 52 (CMA), *cert. denied*, 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989).

EVERETT, Senior Judge (dissenting):

Once again, the majority has applied the rule of exclusion in Mil.R.Evid. 404(b), Manual for Courts–Martial, United States, 1984, so niggardly that the exceptions have totally engulfed the rule. The unfortunate aspect of the majority's trend could not be illustrated more clearly than it is in this case.

To read the majority's opinion is to infer that the accused's intent in the acts with his daughter was in issue. Let me be clear: It was not! Indeed, *if* the acts did occur, the intent is unmistakable from the nature of the acts—which included inserting his fingers in her vagina. Instead,

appellant defended against the indecent-acts charge by outright denying the acts. Accordingly, the *only* issue contested at trial was whether the acts occurred at all. Under these circumstances, evidence that purported to reflect appellant's intent was not admissible. *United States v. Ferguson*, 28 MJ 104, 109 (CMA 1989).

The evidence is also not admissible to show common scheme or plan. Quite simply, there are not enough unique features shared by the alleged acts with appellant's daughter and those that supposedly occurred with Melissa. *See United States v. Brannan*, 18 MJ 181 (CMA 1984). Appellant's daughter complained that her father came into her room on two occasions; rubbed her back, belly, breasts, and buttocks; inserted his finger into her vagina; and left. Melissa testified that appellant entered her room on various occasions, lifted her nightgown, touched her breasts, sometimes kissed her from the neck to her navel, and sometimes rubbed the outside of her legs. Not only is there no hallmark activity that is so unique or bizarre that it shows a common scheme or plan, but also there is virtually no similarity at all other than the acts occurred in the girls' rooms and involved rubbing. This kind of activity is generic to child sexual abuse; and, ac-cordingly, Melissa's testimony proves nothing in the way of a common scheme or plan. *United States v. Ferguson, supra* at 109.

Finally, Melissa's testimony should not have been admitted to bolster the daughter's testimony. In relying in part on this rationale, the military judge cited *United States v. Cuellar*, 27 MJ 50 (CMA), *cert. denied*, 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989). Correctly, the court below found the ruling in this regard to be erroneous. 30 MJ 815, 820 (1990). Nothing in *Cuellar* permits admission of uncharged misconduct to bolster generally a victim's testimony.

Recall that the *only* issue contested at trial was whether the acts of which appellant's daughter complained had occurred at all. The only role served by Melissa's evidence was to suggest that, because Bender acted in a certain way on one occasion (with Melissa), he likely acted the same way subsequently (with his daughter). That, *precisely*, is what Mil.R.Evid. 404 prohibits. That, precisely, is what the majority permits—in unmistakable violation of Mil.R.Evid. 404. I cannot concur in such action.