UNITED STATES, Appellee,

v.

Ryan D. HEBERT, Staff Sergeant U.S. Army, Appellant.

No. 66,527.
CM 8902634.

U.S. Court of Military Appeals.

Argued Jan. 8, 1992.
Decided Sept. 24, 1992.

For appellant: *Captain Edward T. Keable* (argued); *Colonel Robert B. Kirby, Major Michael J. Kelleher, Captain Emmett G. Wells* (on brief); *Lieutenant Colonel Russell S. Estey.*

For Appellee: *Major Kenneth T. Grant* (argued); *Colonel Dayton M. Cramer, Major Thomas E. Booth, Captain Karen R. O'Brien* (on brief); *Captain Timothy J. Saviano.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

During August 1989, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Devens, Massachusetts. Contrary to his pleas, he was found guilty of two specifications of committing sodomy with his adolescent stepson, in violation of Article 125, Uniform Code of Military Justice, 10 USC § 925. He was sentenced to a dishonorable discharge, confinement for 5 years, forfeiture of $400 pay per month for 60 months, and reduction to Private E-1. On February 14, 1990, the convening authority approved this sentence. On March 8, 1991, the Court of Military Review affirmed the findings of guilty and the sentence. 32 MJ 707.

On July 16, 1991, this Court granted review on the following question of law:

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING TESTIMONY THAT APPELLANT HAD COM-

MITTED UNCHARGED ACTS OF FON-
DLING AND SODOMY UPON HIS
NEPHEWS TWO–TO–THREE YEARS
PRIOR TO THE CHARGED OF-
FENSES.

We hold that the military judge did not
prejudicially err when he admitted the chal-
lenged uncharged-misconduct evidence in
this case. *See generally United States v.
Ross*, 34 MJ 183 (CMA 1992).

Appellant was charged and found guilty
of sodomizing his stepson sometime during
May of 1987 and on divers occasions be-
tween April 1988 and June 19, 1988. The
boy, 14 years old at the time of trial, testi-
fied that appellant came to his room and
performed oral sodomy on him. He stated
that this act occurred at Saco, Maine, one
month before his mother married appellant
in June of 1987. He also testified that he
told his mother about it in vague terms but
appellant subsequently denied it. He final-
ly testified that this act was done about 70
more times before June of 1988 when his
mother finally caught him and appellant in
bed together naked. Two of appellant's
sisters testified that appellant admitted
that his wife caught him with the victim
just before they split up. One also testi-
fied that he admitted being "in love with"
the victim in this case. Appellant's wife
also testified that she found appellant nude
in bed with her son and that "he was
touching" the boy. Appellant denied all
the sexual offenses and the testimony con-
cerning his purported admissions thereto.

The uncharged-misconduct evidence in
this case was presented through the testi-
mony of his two nephews, Bradley and
Daryl. Daryl testified that appellant in
1985 took him and Bradley to the drive-in
and fondled Bradley's penis. He also testi-
fied that appellant "tried to" place his
hands in his (Daryl's) pants. Bradley testi-
fied to the same events and that appellant
later committed oral sodomy on him after
Daryl was dropped off. Both boys were
around 14 years old at the time of these
events.

The military judge admitted the un-
charged-misconduct evidence in this case
for the following purpose:

MJ: Defense motion in limine to pre-
vent the testimony of Daryl and Bradley
is denied. *Although specifically men-
tioning earlier that there was not an
intent involved in the offense in order
to find the accused guilty the court's
going to have to find that the accused
had the intent to receive sexual gratifi-
cation from an involvement with
young boys.* A prior incident involving
young boys is highly probative on that
intent and I will allow it. I know it can
be termed that the accused has a "char-
acter trait of sexual attraction for young
boys," but the court is convinced under
[Mil.R.Evid.] 403 that the probative value
in this case of a similar act far outweighs
any prejudicial impact.

DC: With all respect, Your Honor, I
would request the court point out what
the similarity of the acts is.

MJ: Oral sodomy.

DC: So the court is resting on the
similarity of the act that there was oral
sodomy. The court finds no significance
of the fact that there was [a] different
number of parties or that there was a
different relationship or a different kind
of place, none of those things are impor-
tant?

MJ: I'm convinced that if the incident
occurred its probative value outweighs
prejudicial impact under 403.

DC: Yes, Your Honor.

(Emphasis added.)

The military judge later instructed the
members of the limited use which they
could make of this testimony, as follows:

Evidence has been admitted that the
accused may have committed sodomy
with Bradley. This evidence was admit-
ted and may be considered by you for its
limited purpose of its tendency, if any, to
show the accused's state of mind and his
desire to satisfy his sexual desires with
young boys.

Appellant was charged and found guilty of sodomy in violation of Article 125(a), which states:

> (a) Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. Penetration, however slight, is sufficient to complete the offense.

■ Paragraph 51, Part IV, Manual for Courts–Martial, United States, 1984, explains the elements of this offense as follows:

> b. *Elements.*
>
> (1) That the accused engaged in unnatural carnal copulation with a certain other person or with an animal.
>
> [Note: Add either or both of the following elements, if applicable]
>
> (2) That the act was done with a child under the age of 16.
>
> (3) That the act was done by force and without the consent of the other person.
>
> c. *Explanation.* It is unnatural carnal copulation for a person to take into that person's mouth or anus the sexual organ of another person or of an animal; or to place that person's sexual organ in the mouth or anus of another person or of an animal; or to have carnal copulation in any opening of the body, except the sexual parts, with another person; or to have carnal copulation with an animal.

The crime of sodomy is considered a general-intent crime requiring only that appellant's conduct be deliberate or purposeful. *See United States v. Morgan*, 8 USCMA 341, 343–44, 24 CMR 151, 153–54 (1957).

■ The prosecution was not required to prove that appellant committed the charged acts of sodomy with an intent to gratify his sexual desires. *Cf. United States v. Orsburn*, 31 MJ 182 (CMA 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1074, 112 L.Ed.2d 1179 (1991). However, its chief witness, the alleged victim in this case, testified that his stepfather sodomized him between *85 to 100* times over a 2–year period from June 1987 to June 1988. The prosecution thus argued that evidence of appellant's sexual desires for his nephews in 1985 or 1986 established a persistent state of mind or sexual desire for the male adolescents in his family which was consistent with his stepson's testimony of repeated offenses.

■ Evidence of a specific state of mind on the part of an accused on occasions prior to charged acts may be admissible to show circumstantially that the charged acts later occurred as an expression of or outlet for this mental state. *See United States v. Watkins*, 21 MJ 224, 227 (CMA) (Cox, J.), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1956, 90 L.Ed.2d 364 (1986). Here, appellant's nephews testified to his sexual acts or attempted sexual acts with both of them which indicated his peculiar incestual interest for young boy family members. *See United States v. Munoz*, 32 MJ 359, 363–64 (CMA), *cert. denied*, —— U.S. ——, 112 S.Ct. 437, 116 L.Ed.2d 456 (1991). The existence of such a state of mind on the part of appellant was also shown to have occurred within reasonable proximity to the charged acts. Such facts were not only consistent with his stepson's testimony but could constitute a necessary predicate for believing his assertions concerning appellant's voracious sexual desires and his unrelenting sexual assaults upon him. *See generally United States v. Ferguson*, 28 MJ 104, 108 (CMA 1989). Accordingly, in these particular circumstances, we are somewhat reluctant to conclude that an abuse of discretion occurred in admitting this uncharged-misconduct evidence. *See United States v. Bender*, 33 MJ 111 (CMA 1991).

■ Nevertheless, this Court can decide this case on an alternate ground, namely, that admission of the challenged uncharged-misconduct evidence in this case, if error, was harmless. *See* Art. 59(a), UCMJ, 10 USC § 859(a); Mil.R.Evid. 103(a), Manual, *supra*. The Court of Military Review held that, assuming error, the overwhelming evidence of guilt precluded a finding of unfair prejudice. We note that

his stepson's testimony, coupled with his wife's statement that she found appellant nude in bed with her son touching him, was substantial evidence of guilt. His sisters' statements that he admitted being caught by his wife with the stepson and loved the stepson were simply devastating. In addition, the contradiction of his broad denial of sexual molestation of children by another sister severely undermined his credibility and character defenses. Finally, the military judge's instruction on the limited use to be made of the uncharged-misconduct evidence significantly reduced the possibility that appellant was convicted simply because he was a bad person. In these circumstances a reversal of the decision below which sustained these findings of guilty cannot be justified.*

The decision of the United States Army Court of Military Review is affirmed.

Judges COX and CRAWFORD concur.

GIERKE, Judge (concurring in the result):

I am satisfied that admission of the challenged uncharged misconduct, if erroneous, was harmless in this case. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). Accordingly, I concur in the result. However, I disassociate myself from any dicta finding no abuse of discretion in admitting the uncharged misconduct.

The uncharged misconduct at issue in this case was offered to establish that appellant had "a persistent state of mind or sexual desire for the male adolescents in his family." 35 MJ at 268. We have said that "[t]he threshold question" to determine "admissibility of uncharged misconduct 'is whether the evidence of the misconduct is offered for some purpose other than

to demonstrate the accused's predisposition to crime and thereby to suggest that the factfinder infer that he is guilty, as charged, because he is predisposed to commit similar offenses.' " *United States v. Rodriguez,* 31 MJ 150, 155 (CMA 1990) (quoting *United States v. Castillo,* 29 MJ 145, 150 (CMA 1989)). I wish to reserve judgment on whether use of uncharged misconduct to show "a persistent state of mind" in a child-sexual-abuse case is somehow distinguishable from the generally prohibited use of such evidence to show a "predisposition" to commit a similar offense.

WISS, Judge (concurring in part and in the result):

I agree with the majority that, assuming any error as appellant complains, it was harmless under all the circumstances of this case. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). Accordingly, I join in the disposition ordered by the majority and in that portion of the majority's opinion that develops the conclusion that appellant was not prejudiced.

I expressly do not join, however, in that portion of the majority opinion which suggests the absence of an abuse of discretion "in admitting this uncharged-misconduct evidence." 35 MJ at 268. I have two serious reservations about that part of the opinion.

First, Mil.R.Evid. 404(b), Manual for Courts–Martial, United States, 1984, expressly precludes admission of "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show that the person acted in conformity therewith." The reasoning in the majority opinion leading to its finding of no error seems to violate this principle—witness such language as, "appellant's sexual de-

---

* This case might also be affirmed on the basis of the recent decision of the Supreme Court in *Estelle v. McGuire,* U.S., — U.S. ——, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). *See United States v. Orsburn,* 31 MJ 182, 187 (CMA 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1074, 112 L.Ed.2d 1179 (1991). Committing indecent acts is a lesser-included offense of sodomy, and the prosecution asked and was entitled to try to prove this offense with its requisite element that appellant did this act with an intent to satisfy sexual desires. *See* paras. 51(d), 63, and 87, Part IV, Manual for Courts–Martial, United States, 1984. The fact that the judge did not ultimately instruct on this offense does not change our conclusion in this regard in the absence of defense objection.

sires for his nephews in 1985 or 1986 established a persistent state of mind or sexual desire for the male adolescents in his family which was consistent with the stepson's testimony of repeated offenses." 35 MJ at 268.

This sentence is logical *if* it was a given that the charged acts occurred and the key dispute was *identity* of the perpetrator. But in the context where the only real contest for the factfinders was whether the acts occurred at all, this evidence does only one thing: It argues that the accused acted in a certain way before, so it can be presumed that he acted in conformity again. Even the military judge, in the quoted portion of his ruling in the majority opinion, 35 MJ at 267, acknowledges such a view of the evidence. Mil.R.Evid. 404(b) disallows such propensity evidence. *See generally Estelle v. McGuire,* —— U.S. ——, —— –

——, 112 S.Ct. 475, 483–84, 116 L.Ed.2d 385 (1991).

Second, if it be argued that, regardless of the defense theory of the case, the prosecution was required to prove all the elements of the charged and lesser-included offenses and that this evidence permissibly helped do so, *see Estelle v. McGuire, supra* —— U.S. at ——, 112 S.Ct. at 483, certainly the response is that, notwithstanding, the theory of the case surely enters into the formula under Mil.R.Evid. 403. *See United States v. Warren,* 6 USCMA 419, 423, 20 CMR 135, 139 (1955). Evidence which is probative only of an element that both sides agree is not disputed and which, at the same time, is highly inflammatory and, thus, unfairly prejudicial, should be excluded. That is what Mil.R.Evid. 403 is all about.